34  641
90  567
34  641
122  151

## HISLER v. CARR AND BESSE.

REPLEVIN—MEASURE OF DAMAGES.—In actions of replevin, where delivery cannot be had, and only detention of property is complained of, the measure of damages, in respect of the value of property detained, is its value at the place of detention when the action was commenced. In such case the action bears a near resemblance to trover, in which the value of the property at the place of conversion is taken as the criterion.

IDEM—EVIDENCE AS TO VALUE.—For the purpose of determining the value of the property at the place of detention—and where, also, delivery should have been made—evidence is admissible of its value at the place of market, the cost of transportation thither, and the usual expenses of sale.

ERRONEOUS INSTRUCTION—WHEN NOT INJURIOUS.—When an instruction to the jury, although erroneous, was not productive of any injury to either party, the judgment, by reason thereof, will not be disturbed.

SUMMONS IN JUSTICE'S COURT—TIME OF RETURN.—By a proper construction of sections five hundred and forty-one and five hundred and forty-three of the Practice Act, the summons—when required to be published—may be made returnable more than ten days from its date. (Seaver v. Fitzgerald, 23 Cal. 86, affirmed.)

IDEM.—But otherwise, unless publication be required; and to that end, plaintiff must make and file with the Justice the affidavit provided for in said section five hundred and forty-three.

IDEM—EFFECT OF INSUFFICIENT AFFIDAVIT—ATTACHMENT.—Where the affidavit failed to show that plaintiff had a cause of action against defendant, the summons which was made returnable more than ten days from its date was void, as—under section five hundred and fifty-one of the Practice Act—was, also, an attachment issued in the cause.

ATTACHMENT VOID FOR WANT OF PROPER UNDERTAKING.—Where the undertaking given on issuing an attachment from a Justice's Court was to the effect that plaintiff would pay all costs, etc., and the damages the defendant might sustain by reason of the attachment, "not exceeding one hundred dollars:" held, that the undertaking was bad, and rendered the attachment void because not issued in substantial conformity with the provisions of the five hundred and fifty-third section of the Practice Act.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

Defendants justified under the levy of an attachment issued in the case of *Besse* v. *Pinkham*, in a Justice's Court, the defendant in which action was the vendor to plaintiff of the property in question. Defendant Carr, acting as Special Constable, made the levy under the attachment.

In the Court below, plaintiff had judgment for eight hundred and fourteen dollars, and costs. Each party moved for a new trial, the motions for which were heard upon settled statements, and denied. Each party appealed from the judgment and the order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*Gray & Brandon,* for Plaintiff.

The property was taken from the plaintiff in Pescadero, Santa Cruz County. The defendant sold the barley and part of the oats at Pescadero, receiving therefor two hundred and seventy-nine dollars. The potatoes and remainder of the oats he sold at San Francisco, receiving therefor eight hundred and seventy-nine dollars. Because, after wrongfully taking our property, he hauled it to the place of shipment and sent it away and put expense upon it, the defendants claim to be entitled to deduct from the proceeds of its sale these expenses, and the Court instructed the jury, in effect, that the defendant was entitled to make deductions therefor to the amount of three hundred and thirty-four dollars.

The action and judgment were for the recovery of the property, or its value, and damages for detention; and if the property were traceable in specie after the judgment, the plaintiff could follow it to San Francisco or any other place in the State, and there by process take it into his possession. The plaintiff may recover the highest market value at the time of the conversion, or at any time afterwards. (*Douglass* v. *Kraft,* 9 Cal. 562; *Hamer* v. *Hathaway,* 33 Cal. 117.) A

man can follow his property as long as it can be identified, and the wrongdoer cannot, by partially changing its appearance or character, or putting improvements or expenses upon it, claim from the owner a reimbursement for his labor or trouble, or expense.

This has been held in the case of manufacturing leather into shoes, (see note in 4 Denio, 335,) cutting trees on another's land, and converting them into shingles, (*Betts* v. *Lee*, 5 Johns. 348,) or into charcoal, (*Curtis* v. *Groat*, 6 Johns. 168,) or into posts and rails, (*Snyder* v. *Vane*, 2 Rawle, 423,) or converting logs into boards, (*Browne* v. *Saxe*, 7 Cowen, 95,) or into boards and planks, (*Baker* v. *Wheeler*, 8 Wend. 508,) or corn into whisky, (*Silsbury* v. *McCoon*, 3 Coms. 381.)

*Patterson, Wallace & Stow,* for Defendants.

Defendant Carr was acting as Constable. In such a case the general principle is—although the form of the action be in tort—the party aggrieved is entitled, independent of any statutory relief, *to recover only to the extent of his actual injury.* (Sedg. on Damages, 506; *Williams* v. *Mostyn*, 4 Mees. & W. 145; *Rose* v. *Story*, 1 Barr., Penn. State, 191; *Goodman* v. *Church*, 20 Vt. 187; *Baker* v. *Freeman*, 9 Wend. 36; *Clark* v. *Hallack*, 16 Wend. 607; *Sullivan* v. *Cashman*, 20 Cal. 57; *Dorsey* v. *Manlove*, 14 Cal. 555.) In *Hamer* v. *Hathaway*, 33 Cal. 117, this Court said: "The market value is to be ascertained *at the place of the conversion;* all the authorities so hold." Pescadero was the place where defendants took possession; there was no market value there, or, rather, the market value at that place was what the property would bring in San Francisco, less the expense of getting it there. (Practice Act, Sec. 200; *Pope* v. *Jenkins*, 30 Miss. 528; *Suydam* v. *Jenkins*, 3 Sandf. 646.)

By the Court, RHODES, J. :

The pleadings are not contained in the transcript, but it is therein stated that this is an action of replevin in the detinet for a quantity of oats, barley, and potatoes.

It appears from each statement on motion for a new trial, that the plaintiff had purchased the property, and had taken possession of the oats and barley, and was engaged in digging and sacking the potatoes, when the defendants took the property, under an attachment against the property of the plaintiff's vendor.

The defendants contend that they should have been allowed to deduct the expenses incurred by them in hauling the property to the point where it was shipped for San Francisco, and in digging and sacking the potatoes.

The plaintiff insists that he is entitled to recover the gross proceeds of the property, without any deduction for freight or commissions.

The theory of each party is erroneous. The defendants are not entitled to claim compensation for money or services laid out or expended upon the plaintiff's property, in the absence of a request, either expressed or implied, on his part. There was no express request, and none will be presumed, where property of one person is taken under legal process issued against another. Had the transactions in this case been such as to have entitled the plaintiff to waive the tort and sue for money had and received, and had he elected to proceed in that form, questions as to the liability of the defendants for the gross or the net proceeds of the property might become material; but in the action of replevin the measure of damages, in case a delivery of the property cannot be had, because the defendant has sold the property pending the litigation, is not the price at which he may have sold it. The plaintiff is not obliged to accept the proceeds of the sale when it is effected at a low price, nor, on the other hand, can he demand the proceeds when the property is sold at a high price.

The value which the plaintiff is entitled to recover under

the provisions of section two hundred of the Practice Act, in case a delivery of the property cannot be had, is the value of the property, to be ascertained at the place where it is detained when the action is commenced.    We refer to cases like the present one, in which the plaintiff complains only of the wrongful detention of the property.    The plaintiff demands a recovery of the property, and if a delivery is had his claim is satisfied, except for damages for detention.    If a delivery cannot be had, the value, at the place where the delivery should have been made, stands in lieu of the property.    In case the property is not delivered to the plaintiff, the action bears a strong resemblance to an action of trover. In that action the value is to be ascertained at the place of the conversion of the chattels. (*Hamer* v. *Hathaway*, 33 Cal. 117.)

Neither the price at San Francisco, nor that price less the freight and commissions, is the true criterion of value at the place of the alleged detention; but those matters are admissible as evidence upon the question of value at the latter place.

The charge to the jury that the plaintiff was only entitled to recover the amount received by the defendant, after deducting the expenses for freight, commissions, etc., except for hauling the potatoes to the place of shipment, was technically erroneous, but was productive of no injury to the plaintiff, as the only proof of the value of the property consisted of evidence of the price received at the sale and of the expenses incurred in getting the property into market and effecting a sale, and the verdict accorded with the evidence.

The papers in the case of *Besse* v. *Pinkham* were properly excluded.    When the summons is required to be published, it may be made returnable more than ten days from its date. Section five hundred and forty-one of the Practice Act fixes that as the time within which summons may be made returnable; but section five hundred and forty-three, by permitting service to be made by publication, necessarily requires that

in certain cases the time should exceed ten days. (See *Seaver* v. *Fitzgerald*, 23 Cal. 86.)

The summons, however, cannot be made returnable more than ten days from its date, unless publication is required. To entitle the plaintiff to have the summons served by publication, he must make and file with the Justice the affidavit provided for in section five hundred and forty-three.

It must be shown by the affidavits that a cause of action exists in his favor and against the defendant. The affidavit offered in evidence is silent on this point. It was not sufficient to authorize the publication of the summons, and for that reason the Justice had no power to extend the return day beyond ten days after its date. The summons was, therefore, unauthorized and void. The attachment must also fail, under section five hundred and fifty-one, for the want of a summons.

A further objection to the papers may be noticed. The undertaking given upon the issuing of the attachment was to the effect that the plaintiff would pay all costs, etc., and the damage the defendant might sustain by reason of the attachment, "not exceeding one hundred dollars."

The Practice Act (Sec. 553) requires an undertaking to the effect that he will pay all damages which he may sustain by reason of the attachment, without any limitation as to the amount. The attachment is unauthorized and void unless issued in substantial conformity with the provisions of the statute. (*Hoffman* v. *Brinckerhoff*, 1 Den. 184; *Davis* v. *Marshall*, 14 Barb. 96.)

Judgment affirmed, without costs.