JOHN FARRELL, ADMINISTRATOR OF THE ESTATE OF THOMAS DOWELL, DECEASED v. PHILIP PALMER, PHILIP H. PALMER, SAMUEL G. PALMER, ANN A. PALMER, AND JAMES McCOY. ·

STATUTE OF LIMITATIONS—ACKNOWLEDGMENT OF DEBT.—The rule held in *McCormick* v. *Brown, ante,* 180, as to what constitutes a sufficient acknowledgment of a debt to take it out of the statute, affirmed.

IDEM—PLEADING AND PROOF.—It is sufficient, where the complaint alleged an

express promise to pay a debt which was barred by the statute, to prove an acknowledgment of the debt from which a promise to pay is implied.

IDEM—TO WHOM ACKNOWLEDGMENT MAY BE MADE.—An acknowledgment of a debt, as provided in the thirty-first section of the Statute of Limitations, if made to the administrator of the estate of the creditor, deceased, is sufficient.

IDEM—IDENTIFICATION OF DEBT ACKNOWLEDGED.—Where, on the trial of an action founded on a statutory acknowledgment, or new promise, to recover a debt which was barred by the statute, the plaintiff having proved the debt and an acknowledgment which might apply to it: *Held*, that this was a *prima facie* case of identification for the plaintiff, and that the *onus* was then on the defendant to prove another debt to which such acknowledgment referred.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This was an action, commenced September 30th, 1865, to recover judgment on a promissory note for three thousand dollars and interest, executed by the defendants, Philip Palmer, Philip H. Palmer, and Samuel G. Palmer, to Thomas Dowell, the plaintiff's intestate, dated May 17th, 1859, and made payable one year after date; also, to foreclose a mortgage upon certain lands situated in Solano County, of the same date, and between the same parties, given to secure the payment of said note. The other defendants were impleaded as parties having or claiming to have some interests in the mortgaged lands, which, as was alleged in the complaint, were subsequent and subordinate to the lien of said mortgage.

The following is the averment of the complaint respecting an acknowledgment of and an express promise to pay said debt, to wit: "And the said plaintiff avers that afterwards, to wit: on or about the first day of November, A. D. 1863, while said note was due and unpaid, the said defendant Philip Palmer, in consideration of said indebtedness, did in writing, under his own hand, duly signed by him, admit the said indebtedness and said note, and expressly promised to pay the same according to the tenor thereof."

The defendants, other than Philip Palmer, demurred to the complaint. Philip Palmer, by answer, pleaded the Statute of Limitations, and denied the averments of the

complaint in respect to an acknowledgment of and an express promise to pay said debt.

The following are the material portions of the letters of the defendant Philip Palmer, which are referred to in the opinion of the Court as sustaining the alleged acknowledgment by him of said debt, and which were written by him from California to the plaintiff, in the State of Ohio, who at the time was the administrator of the estate of said Thomas Dowell, then deceased, to wit:

Letter dated March 10th, 1862:

"I will give the proceeds [of certain specified school warrants] to pay, so far as they go.   *   *   *   I will remit money, more or less, when Sam Stuart gets his power of attorney [from plaintiff.]   *   *   *   I hope in a few months the suit will be decided, [a suit involving the title to the mortgaged land,] and should I succeed, I will sell a part of the land and pay, or give a mortgage to some other person, and have your mortgage released; as it is now, I cannot make any change.   I am anxious to pay, but circumstances beyond my control, which I have stated to you in previous letters—not at all because I do not intend or wish to pay.  It would be a real pleasure to pay you promptly.   *   *   *   I feel under obligations to you for not putting costs on it, *   *   and it has been to your interest as well as mine.   *   *"

Letter dated January 22d, 1863:

"I feel thankful for your indulgence.   *   *   *   As soon as the time comes when anything can be done, I am willing to give up my property to cancel the debt.  *   *   *   Should I lose my land, I will give the school warrants, or their value, to Mr. Stuart, [plaintiff's agent,] which will bring probably from two thousand to two thousand five hundred dollars.   *   *   *   Should I win [said suit] I will endeavor to sell and give money on it [mortgage] and release it. * * * Fifty or sixty head of beef cattle I may be able to sell; all they bring I expect to send you.   They may get higher; if

not, I will sell and forward, little or much, should I live. Am putting in grain. ＊　＊　＊ Should it turn out well, I may be able to do something respectable after harvest. [After suit decided] we can tell better. I will then make some arrangement, if possible. If not, give to your agent, and let him do. But keep off the Sheriff. ＊　＊　＊ "

Pending the issue, a commission was issued, at the instance of the plaintiff, to take his deposition in the State of Ohio, accompanied by direct and cross interrogatories. By the plaintiff's deposition, in return thereto, said letters, together with others alluded to in the opinion of the Court, were produced and proved. The trial was by the Court, without a jury. The Court found as facts that the material averments of the complaint were true, in accordance with which the plaintiff had judgment of foreclosure as prayed, and a personal judgment over against defendant Philip Palmer alone, who appealed from the judgment, and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellant.

The letters do not show an acknowledgment of the debt, and express an unqualified willingness to pay. They only contain promises to pay upon the happening of certain events, which never happened. The letters state why Palmer cannot pay, and contain offers of a compromise; but no such acknowledgment as to allow the inference of a new promise. (*Hancock* v. *Bliss,* 7 Wend. 187; *Thompkins* v. *Brown,* 1 Denio, 247, and authorities there cited; *Cocks* v. *Weeks,* 7 Hill, 45, and authorities there cited; *Watkins* v. *Stevens,* 4 Barb. 168; *McCormick* v. *Brown, ante,* 180.) But if the acknowledgment proved were sufficient, yet as the plaintiff counted on an express new promise to pay, there was a fatal variance between pleading and proof.

*W. S. Wells,* for Respondent.

The acknowledgment was sufficient. It is settled that when the debt is acknowledged as existing a promise will be implied. If the acknowledgment be qualified, it must, to defeat the implied promise, be so far qualified as to tend to rebut the promise of payment that naturally arises from the acknowledgment of the debt. The acknowledgment is presumed to refer to the debt proved, unless another is shown to exist by evidence either of the debtor or creditor. If there is no other debt, there is no need of proof; and if there is, of course the burden of proof is on the one asserting it. As to both points, see *Baxter* v. *Penniman*, 8 Mass. 133; *Sullivan, Adm.* v. *Hoelker*, 15 Mass. 374; *Emerson* v. *Thompson*, 16 Mass. 428; *Foster* v. *Starkey*, 12 Cushing, 329; *Munson* v. *Felton*, 13 Pick. 206; *Whitney* v. *Bigelow*, 4 Pick. 113; *Barnard* v. *Bartholomew*, 22 Pick. 291; 4 Johns. 461; *Mosher* v. *Hubbard*, 13 Johns. 510; *Allen* v. *Webster*, 15 Wend. 84; *Stafford* v. *Richardson*, 15 Wend. 302; *Winchell* v. *Hicks*, 18 N. Y. 558; *Deyo* v. *Jones*, 19 Wend. 491; *Wennmann* v. *Mohawk Ins. Co.*, 13 Wend. 267; *Loomis* v. *Decker*, 1 Daly, N. Y. C. P., 186; Ang. on Lim. 256; *Clark* v. *Dutcher*, 9 Cow. 674; Parsons on Cont. 348; 2 Greenl. Ev. Sec. 440; *Fairbanks* v. *Dawson*, 9 Cal. 89; *Barron* v. *Kennedy*, 17 Cal. 574; *McCarty* v. *White*, 22 Cal. 100; *Sands* v. *Gelston*, 15 Johns. 511; *Purdy* v. *Austin*, 3 Wend. 189; *Bell* v. *Morrison*, 1 Peters, 357; *Stafford* v. *Bryan*, 2 Paige, 45; *Allen* v. *Webster*, 15 Wend. 284; *Stafford* v. *Peckerson*, 15 Wend. 302; *Bloodgood* v. *Bruen*, 4 Selden, 363; *Wakeman* v. *Sherman*, 5 Selden, 85; *Brown* v. *Keach*, 24 Conn. 73; *Hooper* v. *Stevens and Wife*, 7 C. & P. 260; *Courteroy* v. *Vincent*, 9 Eng. Law and Eq. 205.)

By the Court, RHODES, J.:

The defendant annexed to the interrogatories proposed by the plaintiff and attached to the commission certain objections, but it does not appear that he brought them to the attention of the Court and had a ruling thereon at the trial.

There is, therefore, no ground for the specification that the Court erred in overruling those objections. But waiving this point, and looking at the objections themselves, it will be seen that those worthy of notice amount to an objection to the admission of parol evidence to prove the contents of written instruments. Some of the questions were subject to this objection, but they were productive of no injury to the defendant, for the witness produced all the letters of the defendant about which he testified except one, and that he stated was lost or mislaid, and they were annexed to the deposition; and the finding of the acknowledgment of indebtedness was based on letters written after the one which was lost.

Those letters, excluding those proposing terms of compromise, and those written more than four years before the commencement of the suit, constitute a sufficient acknowlment of the debt, both within the meaning of the statute and the definition given in *McCormick* v. *Brown, ante,* 180.

The complaint alleges an express promise to pay the debt, but it was not necessary to prove it, because a promise is implied from the acknowledgment, which is also alleged, though not with technical accuracy.

The acknowledgment was made to the witness while acting as the administrator of the estate of the deceased, and was therefore valid, and inured to the benefit of the estate.

The debt to which the acknowledgment relates is sufficiently identified. The witness wrote to the defendant in regard to the note in suit, and the defendant in his letters refers to the debt as payable to the witness, as the administrator of Thomas Dowell, deceased, and speaks of the mortgage given by him to the deceased. The plaintiff having proved a debt to which the acknowledgment might apply, the *onus* was on the defendant to show another debt to which it referred. The Court was justified in finding that the acknowledgment related to the debt secured by the note and mortgage in suit. Judgment affirmed.

Mr. Justice SANDERSON expressed no opinion.