[L. A. No. 965.     Department One.—December 27, 1901.]

HENRY W. WILCOX, Respondent, v. MARIETTA M. GREGORY et al., Appellants.

MORTGAGE BY DEED—FORECLOSURE BY GRANTEE OF MORTGAGEE—TRUST—PLEADING—FINDINGS—STATUTE OF LIMITATIONS.—In an action to foreclose a lien upon property conveyed to plaintiff by the grantee of the defendants, to whom they had conveyed it to secure indebtedness, where the property was conveyed at their request to the plaintiff, upon his advancing money to pay his grantor, and the defendants executed to the plaintiff a note for the amount advanced, and the complaint proceeds upon the theory of a trust in the title, but the answer avers that the transaction was a mortgage, and pleads the statute of limitations,—findings based upon the answer as to the fact of mortgage, but against it upon the plea of the statute of limitations deemed controverted by the plaintiff, are

within the issues, and sufficient to support the judgment of fore-
closure. The partial inconsistency of the findings with the theory
of the complaint is immaterial.

ID.—EFFECT OF TRANSFER BY DEED FROM MORTGAGEE.—The transfer to
the plaintiff by deed from the defendants' mortgagee by deed, at
defendants' request, upon the plaintiff advancing the money due to
such mortgagee, had the effect to place the plaintiff in the shoes of
the original grantee as mortgagee, and to make him the creditor and
mortgagee of the defendants, in respect of the same debt, due to
the original mortgagee.

ID.—STATUTE OF LIMITATIONS—EFFECT OF NEW NOTE TO PLAINTIFF.—
Where the original note secured by the mortgage deed was not
barred by the statute of limitations, the giving of a new note to the
grantee of the mortgagee, payable three years from date of the
transfer, had the effect to initiate a new period for the statute of
limitations, and while the new note evidencing the original indebted-
ness was not barred or extinguished, the life of the mortgage con-
tinued to exist.

ID.—EQUITY—SUBSTANCE NOT SACRIFICED TO FORM.—Equity never sac-
rifices substance to form; and the debt and claim in the hands
of the plaintiff is to be considered the same debt and claim that
was previously held by the original mortgagee.

APPEAL from a judgment of the Superior Court of San
Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion.

Luce & Sloane, for Appellants.

C. M. Hansen, and Oscar A. Trippet, for Respondent.

GRAY, C.—In this action the plaintiff sued to recover upon
a promissory note and to foreclose a lien upon real estate
securing the indebtedness evidenced by said note. The plain-
tiff had judgment, from which defendants appeal on the
judgment-roll, without a bill of exceptions.

The findings show a state of facts substantially as follows:
The above-named defendants deeded certain lands to one
Kreamer to secure an indebtedness owing by defendants to said
Kreamer, amounting to $2,330. That said indebtedness was
evidenced by a promissory note from said defendants to said
Kreamer, and was to fall due on the twenty-second day of
January, 1892. In the last-mentioned month, the defendants
entered into negotiations with plaintiff for a loan with which

to extinguish this indebtedness, and plaintiff agreed to advance the money to pay Kreamer's claim; and knowing that Kreamer's title to the land was simply that of mortgagee, plaintiff paid said Kreamer the amount of said claim, and, as security for the money so paid, he received a deed of conveyance of said land directly from Kreamer to himself, together with the note executed by defendants to Kreamer, as aforesaid, and plaintiff executed to defendants an agreement in writing, that he would convey to them at any time within three years of the date of January 23, 1892, all the right conveyed to him by the Kreamer deed, upon the payment by defendants of said sum of $2,330, with interest. Some days after this transaction, and on the twenty-second day of February, 1892, the defendants made, executed, and delivered to plaintiff their promissory note for the said sum of $2,330 and six dollars more, making in all $2,336 as the principal of said note. This note was dated back to January 23, 1892, and was made payable three years after date. It is found that the cause of action is not barred by limitation, and that there is owing and unpaid on the said sum of $2,330, including interest, as agreed in the note, the sum of $4,600. A decree for the last-mentioned sum, and for a sale and foreclosure of the premises, is entered against defendants. The complaint was filed herein and the suit commenced January 21, 1899.

Appellants state three reasons for reversal, as follows: 1. That the findings are inconsistent with the cause of action set out in the complaint; 2. That the conclusions of law and judgment are not justified by the findings; and 3. That the finding that the lien of plaintiff on said premises is not barred by the statute of limitations is in conflict and inconsistent with the other findings of the court. We will dispose of these points in the above order.

1. It is true that the findings are to some extent inconsistent with allegations of the complaint. The complaint seems to be drawn on the theory that the plaintiff received the title to the land from Kreamer and holds it in trust for defendants, to be conveyed to them on payment of the said amount of $2,330 and interest. The findings indicate that defendants own the land, that Kreamer's interest in it was that of a mortgagee only, that he conveyed this interest, together with the debt secured thereby, to plaintiff, and that, consequently, plaintiff's

interest is merely that of creditor and mortgagee. To this extent the findings substantially follow the affirmative allegations of the answer. The theory of the answer is, that the transaction merely made plaintiff the creditor of defendants and the mortgagee of their property, and the statute of limitations was pleaded as a defense to the action. The plaintiff would be entitled to judgment on the allegations of the answer, were it not for the plea of the statute of limitations. This plea is deemed to be controverted by plaintiff. The findings and decree, then, cannot be said to be outside of the case made by the pleadings, but, rather, they may be said to be based upon and to dispose of the case as made by the answer and the denial thereof by the plaintiff, presumed under the provisions of the code. From the record before us, it does not appear that any objection was made to evidence, and we will therefore presume that all parties treated the evidence offered and received as proper under the pleadings, and that such evidence supports the findings. The inconsistency between the findings and certain allegations of the complaint are therefore immaterial.

2. It is also clear that the findings show that the defendants owed the plaintiff the amount decreed to be due, and that the debt was secured by a mortgage. The transfer from Kreamer to plaintiff placed plaintiff in Kreamer's shoes, and made him the creditor and mortgagee of defendants, just as Kreamer had been previous to such transfer. To this extent, then, the findings clearly support the judgment.

3. The only troublesome question in the case is the last one,—Is the mortgage barred by the statute of limitations? We think a negative answer must be given to this question also. Bearing in mind that this is an equitable action, and that equity never sacrifices substance to mere form, we see but one debt referred to in the findings, owed by defendants to different parties at different times. The debt and claim in the hands of the plaintiff was the same debt and claim that had been previously held by Kreamer. In Kreamer's hands it was evidenced by a promissory note, which, by its terms, had been due for a longer time than the statutory period of limitations when this action was begun; but, shortly after the transfer to plaintiff, a new note was given, evidencing the same old indebtedness, but to the new holder of that indebted-

ness.  This new note was given before the old note was barred
by the statute, and had the effect of initiating a new period
for the statute of limitations, which had not expired when
this action was commenced.  The *debt*, then, never was barred
or extinguished, and the same may be said of the mortgage,
for the life of the mortgage is the life of the debt secured by
the mortgage. (*London etc. Bank* v. *Bandmann,* 120 Cal. 220 ;[1]
*Southern Pacific Co.* v. *Prosser,* 122 Cal. 413.)

We advise that the judgment be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment
is affirmed.          Garoutte, J., Harrison, J., Van Dyke, J.