[L. A. No. 2285.  Department One.—January 25, 1910.]

# KERN VALLEY BANK, Respondent, v. CHARLES A. KOEHN, Appellant.

MORTGAGE BY DEED ABSOLUTE IN FORM—BAR OF DEBT—LOSS OF LIEN.— A conveyance of real property, although absolute in form, given as security for the payment of a note and unaccompanied by possession, is in effect only a mortgage, and when the debt which it secured became barred by the statute of limitations, the mortgage ceased to be effective and the lien which it had created was extinguished.

ID.—SUBSEQUENT RENEWAL OF DEBT—MORTGAGE NOT RENEWED.—The subsequent renewal of the note created the debt anew, but it did not renew, revive, nor continue the mortgage.

ATTACHMENT—APPEAL FROM ORDER REFUSING TO DISSOLVE—CONFLICTING AFFIDAVITS.—On an appeal from an order refusing to dissolve an attachment the appellate court, in reviewing conflicting affidavits used on the hearing of the motion, must accept the view most favorable to the plaintiff, being bound to that extent by the decision of the court below.

ID.—UNDERTAKING MUST CONFORM TO STATUTE.—A writ of attachment is improperly issued and void, unless it is supported by an undertaking conforming substantially to the requirements of the statute.

ID.—AMENDMENT OF 1907 TO FORM OF UNDERTAKING—OMISSION OF STIPULATION VITIATES UNDERTAKING.—Under section 539 of the Code of Civil Procedure, as amended in 1907, an undertaking on attachment is fatally defective if it fails to contain the stipulation required by that section "that if the attachment is discharged on the ground that the plaintiff was not entitled thereto under section five hundred and thirty-seven, the plaintiff will pay all damages," etc.

ID.—VOID LEVY DOES NOT CREATE LIEN NOR BAR A SUBSEQUENT ATTACHMENT.—Levies of writs of attachment which are void by reason of defective undertakings do not create valid liens on the property attached, and do not constitute lawful security for the debt sued on, nor operate to bar or prevent a new proceeding upon a valid undertaking in the same action.

ID.—ORDER REFUSING TO VACATE PRIOR WRIT — APPEAL FROM ORDER REFUSING TO DISSOLVE SUBSEQUENT WRIT.—An order denying a motion to vacate a prior writ of attachment, which is not shown to have become final, cannot be considered on an appeal from an order refusing to dissolve a subsequent writ issued in the same action.

APPEAL from an order of the Superior Court of Kern County refusing to dissolve an attachment. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

J. W. P. Laird, Rowen Irwin, E. L. Foster, and Joseph H. Tam, for Appellant.

George E. Whitaker, for Respondent.

SHAW, J.—This is an appeal from an order refusing to dissolve an attachment.

The writ of attachment attacked was issued on October 2, 1907, in pursuance of an affidavit and undertaking filed on the same day. The action was begun on July 17, 1907, to recover of defendant the amount of a note for $5320, dated October 2, 1900, and maturing October 2, 1903.

The first ground of the motion to dissolve the attachment was that the debt sued on was secured by a lien and pledge of personal property. Affidavits and counter affidavits were filed upon the hearing. They were conflicting upon some points. We must necessarily accept the view most favorable to the plaintiff, being bound to that extent by the decision of the court below. The debt was originally created on May 2, 1898, and was evidenced by a note of that date which became due eight months after its date, which would be January 2, 1899. On August 5, 1898, defendant executed to plaintiff a contract purporting to be a grant, bargain, and sale of an undivided one-half interest in a quartz-mill and appurtenances with the right to use the millsite, adjacent ground, and water to operate the same. This was given and accepted, not as an absolute conveyance, but as security for the payment of said note of May 2, 1898, in effect a mortgage. Plaintiff did not take possession of the mill under this mortgage. This note was not paid and the note sued on was given in renewal thereof. Although dated October 2, 1900, the latter note was not in fact executed until March 24, 1903. At that time the original debt and note falling due January 2, 1899, was barred by the statute of limitations. The conveyance of the quartz-mill, although absolute in form, was, in effect, only a mortgage and when the debt which it secured became barred the mortgage

ceased to be effective and the lien which it had created was extinguished. (Civ. Code, sec. 2911.) The subsequent renewal of the note on March 24, 1903, created the debt anew, but it did not renew, revive, nor continue the mortgage. (*Sanford* v. *Bergin,* 156 Cal. 43, [103 Pac. 336]; *Wells* v. *Harter,* 56 Cal. 343; *Southern Pacific Co.* v. *Prosser,* 122 Cal. 417, [52 Pac. 836].)

It is claimed that H. A. Blodgett, as president of plaintiff corporation, on March 23, 1903, executed to Koehn a written declaration that the conveyance of the quartz-mill should stand as security for the note sued on. The affidavits on behalf of plaintiff, however, show that the note was executed on March 24th in the absence of Blodgett, that Blodgett had nothing to do with the renewal of the note, that it was done without any agreement to revive or renew the mortgage, that Blodgett had no authority to act for the plaintiff in the matter and that he signed the declaration aforesaid at the request of Koehn, without authority and in reliance upon Koehn's statement that there had been an agreement to that effect between Koehn and plaintiff's cashier, who had attended to the matter of the renewal of the note on behalf of plaintiff, that said statement of Koehn was untrue and that he knew that Blodgett was not authorized to act for plaintiff. This sufficiently supports the decision of the lower court that there was no revival or renewal of the mortgage or lien. We have assumed, for the purposes of the argument only, that the lien could be renewed by the plaintiff and Koehn without giving possession to plaintiff and without the execution of any writing by Koehn.

The other ground urged in support of the motion to dissolve the attachment was that on July 17, 1907, and again on September 30, 1907, writs of attachment were issued in the action, that each of these writs had been levied upon property, that such levies remained in full force and effect and constituted liens upon property for the security of the debt sued on, that an attachment cannot be had for debts so secured, and that therefore the later attachment was invalid. We need not determine whether or not, after a valid attachment has been issued and levied upon property of the defendant, and while it remains in force, the plaintiff may file a new affidavit and undertaking and obtain another writ of attachment thereon in the same action. A writ of attachment is improperly issued

and void, unless it is supported by an undertaking conforming substantially to the requirements of the statute. (*Hisler* v. *Carr*, 34 Cal. 646; *Gow* v. *Marshall*, 90 Cal. 567, [27 Pac. 422]; *Tibbett* v. *Tom Sue*, 122 Cal. 207, [54 Pac. 741]; 3 Ency. of Plead. & Prac. 30.) In each of the previous attachment proceedings the undertaking was fatally defective in that it failed to contain the stipulation required by section 539 of the Code of Civil Procedure, as amended in 1907, "that if the attachment is discharged on the ground that the plaintiff was not entitled thereto under section five hundred and thirty seven, the plaintiff will pay all damages," etc. The former writs being invalid, the levies thereon did not create valid liens upon the property, did not constitute lawful security for the debt sued on, nor operate to bar or prevent a new proceeding upon a valid undertaking, in the same action.

It is said that a motion to vacate the writ of July 17, 1907, has been denied and that the order denying it has become final. The record before us does not show that the order has become final, nor does it disclose any other grounds for the motion than the existence of the supposed mortgage lien which we here hold had been extinguished. Under these circumstances the former order cannot be considered in the decision of the present appeal. (*Naftzger* v. *Gregg*, 99 Cal. 88, [37 Am. St. Rep. 23, 33 Pac. 757]; *In re Blythe*, 99 Cal. 476, [34 Pac. 108].)

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.