[Civ. No. 4378. First Appellate District, Division Two.—November 24, 1922.]

## JULIUS JOHN ALTUBE, Respondent, v. M. J. AGUIRRE et al., Appellants.

[1] PROMISSORY NOTE—PAYMENT OF INTEREST BY GIVING OF NOTES— TOLLING OF STATUTE.—In an action on a promissory note, and to foreclose a mortgage given as security therefor, promissory notes executed by the makers of the principal note to the owner thereof are properly admitted in evidence to overcome the bar of the statute of limitations, provided such notes constituted payments of interest on the original, indebtedness.

[2] ID.—INTENTION OF PARTIES—DECLARATIONS AGAINST INTEREST.— In such an action, the intention of the parties is a vital considera- tion in reaching a conclusion as to whether or not such sub- sequently executed promissory notes were given and accepted as payments of interest; and written declarations by the defendants, wherein they recognized as outstanding against them, not only the note for the original indebtedness, but also the subsequent notes, constitute admissions against interest and are competent upon the question of their intention, even though such writings were not addressed to the owner of the notes.

[3] ID.—ACKNOWLEDGMENT OF ORIGINAL INDEBTEDNESS — SUFFICIENCY OF WRITINGS.—The subsequent note, having been given in payment of interest upon the main debt, accompanied by a letter signed by the makers stating that it was in payment of such interest, with a notation on the back of such note recognizing as outstanding the note for the original indebtedness and subsequent notes given as payments of interest, constituted a sufficient acknowledgment of the original indebtedness. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

William A. Kelly for Appellants.

Frank J. Hennessy for Respondent.

---

1. Giving of commercial paper as taking debt out of statute of limitations, note, 35 L. R. A. (N. S.) 97.

Effect of payment of interest on running of statute of limitations, note, 4 Ann. Cas. 634.

LANGDON, P. J.—The defendants have appealed from a judgment against them upon a promissory note for $2,500, which judgment also decreed a foreclosure of a mortgage given as security therefor.

[1]   The only question presented by the appeal is: Was the debt barred by the statute of limitations? (Code Civ. Proc., sec. 337.)   The trial court found that it was not barred.   The evidence upon which this finding was based was admitted over the objection of defendants, and such evidence is attacked upon this appeal as irrelevant and immaterial and insufficient to support the finding even though properly admitted.

The note and mortgage were executed and delivered to Bernardo Altube, the father of plaintiff, and there is no dispute about the fact that they were distributed to the plaintiff under the decree of distribution in the estate of his said father, and that he was the owner and holder thereof at the time of the trial.   The note and mortgage were dated February 1, 1913.   On February 1, 1915, the defendants gave to Bernardo Altube their note for $550.   It was stipulated that this note was given "for interest," and the same stipulation was made in regard to a note for $183 given on February 1, 1916, to said Bernardo Altube, and also with reference to a note for $194 given to the plaintiff on February 1, 1917.   These notes given "for interest" appear in the record and are signed by the defendants. Upon the back of the last-mentioned one appears the following: "Mort. $2500.   Note 550.   Feb. 1/15.   Do. 183.   Do. 1/16.   do 194.   do 1/17."   The record also contains some letters from defendants referring to the indebtedness, but as these, admittedly, do not contain an unqualified "acknowledgment or promise" within the meaning of section 360 of the Code of Civil Procedure, we shall exclude them from consideration here.

Appellants contend that the notes given for interest do not contain an "acknowledgment or promise" as required by section 360, Code of Civil Procedure, and, therefore, do not overcome the bar raised by section 337, Code of Civil Procedure.   No doubt can exist upon that question in this state in view of the language used by our supreme court in the recent case of *Minifie* v. *Rowley*, 187 Cal. 481 [202 Pac. 673].   It is said in that case: "In the case of a part pay-

ment, for instance, of either principal or interest, the conduct itself has always been deemed, unless accompanied by qualifications, an unequivocal acknowledgment of a subsisting contract or liability from which a new contract to pay the debt must be inferred. (*Barron* v. *Kennedy*, 17 Cal. 574, 577.)''

It is clear, therefore, that the notes given for interest were properly admitted in evidence to overcome the bar of the statute of limitations, provided such notes constituted payments of interest. And this qualification leads us to the other contention of appellants, which is that these notes were not a ''payment'' of interest. Counsel bases this contention upon an alleged differentiation in his stipulation upon this subject. The stipulation reads: ''I will stipulate the notes were given for interest not for the payment of interest.'' The distinction, if there be any, is too attenuated to be persuasive. However, regardless of the stipulation, the trial court found that the defendants had paid the interest by these notes. In support of that finding we have the testimony of the plaintiff that the note of February 17, 1917, was sent to him through the mail, together with a letter from defendants stating that it was a payment of interest, and that he accepted it as a payment of interest. The question of whether or not these several notes constituted payments of interest was one of intent of the parties at the respective times they were given, and that intention may be determined by the conduct of the parties. It is evident that the notes were received and accepted by the plaintiff and his predecessor in interest, and the significant fact also appears that these notes given for interest also bore interest. This fact was considered of importance in the case of *Bennett* v. *Baird*, 67 Ill. App. 422, in which it was said: ''Another assignment of error is the admission of the $206 note because it did not amount to payment and was nothing more than a promise to pay and therefore did not operate to bar the statute of limitations. This transaction was intended and treated by the parties as a payment and the original note was so credited. . . . By it the creditors received an independent and distinct obligation for the payment of the interest, with interest thereon.

''Without it the interest then accrued would have borne no interest, and this circumstance alone was enough to make

the note in substance and fact a new undertaking, so that holding both notes, the plaintiff could enforce the original only to the extent of the principal and interest accruing after the date of the new one.

"The law will therefore treat the transaction as the parties treated it—as a payment."

[2] It is clear from the notation on the back of the note of February 1, 1917, that the parties hereto treated the several notes as payments. In that notation in the handwriting of the defendant M. J. Aguirre, it clearly appears that the parties recognized as outstanding obligations of the defendants at that time the mortgage of $2,500, the note for $550, dated February 1, 1915, the note for $183, dated February 1, 1916, and the note for $194, dated February 1, 1917. The recognition by the parties of these obligations indicates that they regarded the notes of February 1, 1915, 1916 and 1917 as payments of interest due upon the principal · obligation. It is true that the note of February 1, 1917, upon which the memorandum just referred to appears, was a note given to the plaintiff and not to the original creditor. Appellants contend that the "acknowledgment or promise" required by section 360 of the Code of Civil Procedure must be made to the creditor himself, and not to a third person, and that this memorandum is not admissible against the defendants. It is not necessary for us to determine here to whom the "acknowledgment or promise" must be made. Irrespective of the answer to that question, it is probable that the memorandum under consideration is insufficient as an acknowledgment or promise, and it has not been considered by us as bearing upon that point. It may be conceded that no "acknowledgment or promise" as required by section 360 of the Code of Civil Procedure was proven by the plaintiff other than that implied by the payment of interest.

However, the memorandum was admissible as bearing upon the intentions of the parties in giving and accepting the several notes "for interest." The intentions of the parties are vital considerations in reaching a conclusion as to whether or not these notes were given and accepted as payments of interest. The written declaration of the defendants, showing that they considered these notes as outstanding obligations against them, is certainly an admission against

interest and was competent upon the question of their intention. Considered thus, it is immaterial to whom the memorandum was addressed. We apprehend it would have had the same probative value if found in the defendants'. private books or on the stubs of check-books.

We think this memorandum was admissible as throwing light upon the question of whether or not the interest had been paid. It, together with the record as a whole, indicate that the notes given in 1915, 1916 and 1917 were given and. accepted and intended by the parties to. be payments of interest upon the original indebtedness. This warrants the finding made by the trial court upon this subject. The case then falls within the rule of law announced by our supreme court in the case of *Minifie* v. *Rowley, supra,* and the judgment, undoubtedly, does substantial justice between the parties.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1923, and the following opinion then rendered thereon:

THE COURT.—The petition for transfer to this court is denied. The note of February 1, 1917, signed by both the defendants, was forwarded to the plaintiff in a letter wherein it was stated that the note was given as payment of interest upon the mortgage for $2,500. In addition thereto there was a memorandum upon the back of the note referring to the $2,500 mortgage. These indorsements were in the handwriting of M. J. Aguirre. [3] This note having been given in payment of interest upon the main debt, accompanied by a letter signed by the defendants stating that it was in payment of such interest, with the notation upon the back of the note, constituted a sufficient acknowledgment of the indebtedness. (*Minifie* v. *Rowley,* 187 Cal. 481 [202 Pac. 673]; *Clunin* v. *First Federal Trust Co.* 189 Cal. 248 [207 Pac. 1009].) The acknowledgment was made to the proper party, namely, to the person who owned the indebtedness by reason of the distribution to him of the property from the estate of the original payee. (*Visher* v.

*Wilbur*, 5 Cal. App. 562 [90 Pac. 1065]; *Farrell* v. *Palmer*, 36 Cal. 187.)

Rehearing denied.

Wilbur, C. J, Lawlor, J., Lennon, J., Waste, J., Seawell, J., Kerrigan, J., and Myers, J, concurred.