[L. A. No. 17249. In Bank.—Aug. 28, 1941.]

CHAS. M. EASTON, Appellant, v. KENNETH K. ASH et al., Respondents.

532

Chas. M. Easton, in *pro. per.*, and Ray Howard for Appellant.

Meserve, Mumper, Hughes & Robertson, Meserve, Mumper & Hughes, Leo E. Anderson and James A. Hall for Respondents.

TRAYNOR, J.—On June 28, 1924, defendants Ash, acting through defendant Cross, to whom they had given a power of attorney, executed a note for $1000 payable six months after date and a mortgage upon certain real property in Riverside County to Henry Hileman. Defendant Cross subsequently agreed to pay all the interest due or to become due on the mortgage and note. The interest was paid to June 29, 1930. In 1930 Henry Hileman died and his widow Rena was appointed executrix of his estate. On December 10, 1930, defendants Ash, acting through defendant Cross, executed a note and mortgage in favor of Rena Hileman for the sum of $1000 payable in monthly installments. This mortgage was never recorded because plaintiff had instructed the title company, to whom the mortgage and a release of the first mortgage had been delivered, not to record it until it would appear as a first lien upon the property.

Defendants Ash, through defendant Cross, also entered into the following written agreement with Rena Hileman "as of" December 10, 1930:

### "RENEWAL AND EXTENSION OF NOTE AND MORTGAGE

"KNOW ALL MEN BY THESE PRESENTS: That whereas, heretofore, to-wit: on the 28th day of June, 1924, a certain mortgage was executed by Kenneth K. Ash and Ada Gertrude Ash, husband and wife, by and through their Attorney-in-fact, Margaret Cross, a single woman, mortgagors, to Henry Hileman, mortgagee, securing a note of even [date?] therewith in the sum of $1000.00, which mortgage is now of record in the office of the County Recorder of Riverside County, California, in Book 237, Page 430 of mortgages of said County; and WHEREAS, said note and mortgage has heretofore been extended by the holder thereof, and WHEREAS, Henry Hileman is now deceased and Rena Hileman was appointed executrix of his estate in and by the Superior Court of Los Angeles County, California, said probate proceedings being numbered 112775, and WHEREAS, said Rena Hileman, the widow of said deceased is the duly appointed, qualified and acting executrix of said estate, and WHEREAS, it is mutually desired by all parties thereto and hereto that said note and mortgage be renewed and extended and that the terms and conditions of said mortgage remain the same and that it is mutually understood and agreed that such renewal and extension is for the best interests of said estate and parties hereto.

"NOW THEREFORE, in consideration of one dollar in hand paid by the mortgagors to the mortgagee and holder of said mortgage and note, the receipt whereof is hereby acknowledged, the said Rena Hileman hereby renews and extends the said mortgage and note and the maturity thereof for a period of forty (40) months from and after February 1st, 1931, and the said mortgagors hereby renew said mortgage and note and promise and agree to the terms thereof and the extension of the same and undertake and bind their heirs and assigns to the further condition that said mortgage shall be and remain a first and prior lien on and against said property.

"WITNESS the hands of the mortgagee and mortgagors, by and through their attorney-in-fact Margaret Cross, this 10th day of December, 1930.

KENNETH K. ASH,

ADA GERTRUDE ASH,

Mortgagors.

By MARGARET CROSS,

Their Attorney-in-Fact.

RENA HILEMAN,

    Mortgagee.''

An acknowledgment dated August 9, 1934, appears at the end of this agreement.

On April 7, 1936, the note and mortgage of 1924, the note and mortgage of December 10, 1930, and the renewal agreement set forth above were distributed to Rena Hileman and she thereafter assigned them to the plaintiff, the present owner and holder. No part of the principal sum of either of the notes has been paid, and plaintiff brought this action asking for foreclosure of the original mortgage based on the last renewal agreement, and for damages against defendants George F. Scott and Warren L. Holbrook as well as defendants Ash and defendant Cross for allegedly cutting down eucalyptus trees growing upon the land.

The trial court found that the renewal agreement was without consideration and of no force and effect, that the 1924 note and defendant Cross's guaranty were barred by the provisions of subdivision one of section 337 of the Code of Civil Procedure, that the 1930 note was cancelled by waiver in open court, and that the liens of both mortgages were extinguished. Judgment was given in favor of the Ashes and a nonsuit was granted in favor of defendants Scott, Holbrook and Cross. Plaintiff has appealed.

The finding of the trial court that the renewal agreement was without consideration is not supported by the evidence nor is it a correct conclusion of law. The agreement recites that it was the wish of the parties to renew and extend the mortgage and note of June, 1924, and that the mortgagors "renew said mortgage and note" and "promise and agree to the terms thereof and the extension of the same." It is well settled in California that a pre-existing debt, although barred by the statute of limitations, is sufficient consideration to support a new acknowledgment of or promise to pay the indebt-

edness (*Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40] ; *Ferguson* v. *Fonner,* 87 Cal. App. 590 [262 Pac. 337]. See *Estate of McConnell,* 6 Cal. (2d) 493 [58 Pac. (2d) 639]), or the execution of a deed (*Ferguson* v. *Larson,* 139 Cal. App. 133 [33 Pac. (2d) 1061]. See *Chichester* v. *Mason,* 43 Cal. App. (2d) 577 [111 Pac. (2d) 362]), or mortgage. (*Foster* v. *Warren,* 39 Cal. App. (2d) 470 [103 Pac. (2d) 591].) The original indebtedness was therefore ample consideration for the execution of the renewal agreement.

■■■ The original indebtedness was not extinguished by the execution of the note and mortgage of December 10, 1930. At the time the 1930 note and mortgage were executed, the statute of limitations had run upon the original note and mortgage. When the new note and mortgage were executed it is undisputed that the parties intended them as a renewal of the original obligation and lien. It has been held in this state that the acceptance by a mortgagee of a new note and mortgage as a renewal of or substitution for an existing note and mortgage does not itself operate to extinguish or discharge the original obligation. (*White* v. *Stevenson,* 144 Cal. 104 [77 Pac. 828] ; *Pacific Nat. Agr. Credit Corp.* v. *Wilbur,* 2 Cal. (2d) 576 [42 Pac. (2d) 314] ; *Tolman* v. *Smith,* 85 Cal. 280 [24 Pac. 743] ; *Palmer* v. *Emanuel,* 77 Cal. App. 766 [247 Pac. 609]. See *Newman* v. *Nickell,* 50 Cal. App. 138, 140 [194 Pac. 710] ; *College Nat. Bank* v. *Morrison,* 100 Cal. App. 403, 407 [280 Pac. 218].) ''One executory agreement is not extinguished by the execution of another between the same parties; nor is a security for an obligation merged in another security of the same degree which is accepted for the same obligation. It is a well-settled rule that, in the absence of an agreement to that effect, a promissory note is not paid by the execution of another note, but that the time for its payment is thereby merely suspended until the maturity of the new note.'' (*White* v. *Stevenson, supra,* at page 108. See also *Copp* v. *Millen,* 11 Cal. (2d) 122 [77 Pac. (2d) 1093].)

■■■ This principle is not affected by the running of the statute of limitations upon the original indebtedness. If the statute has run when the new agreement is made, the action is upon the new promise, but the creditor is not required to sue upon the promise made nearest to the time of the running of the statute. If, after the statute has run, the debtor has made several acknowledgments of the debt sufficient in law

to sustain an action, the creditor may elect to sue upon any of them. Suit upon an acknowledgment is not precluded by the existence of earlier acknowledgments or promises.

In the present case, the 1930 note was an executory agreement taken by the plaintiff's assignor in renewal of a pre-existing and unperformed executory agreement. There is no evidence, nor do defendants contend, that the 1930 note was intended by either of the parties as payment of the debt. In the absence of such an agreement, the 1930 note and mortgage served to renew the original note and mortgage, not to extinguish them.

Defendants contend that the moral obligation to pay the original debt was not consideration in the instant case because the 1930 note and mortgage and the renewal agreement were not made in favor of the estate of Henry Hileman, the owner of the 1924 note and mortgage, but in favor of Rena Hileman, who, it is contended, owned no claim against the defendants. The renewal agreement upon which plaintiff bases his right to recover, however, refers to Rena Hileman as the duly appointed, qualified and acting executrix of the estate of Henry Hileman. An acknowledgment of or promise to pay an existing indebtedness may properly be made to the administrator or executor of the payee's estate. (*Farrell* v. *Palmer*, 36 Cal. 187. See cases cited in 117 A. L. R. 228. See also *Wilcox* v. *Gregory*, 135 Cal. 217 [67 Pac. 139] ; *Moore* v. *Gould*, 151 Cal. 723 [91 Pac. 616] ; *Altube* v. *Aguirre*, 59 Cal. App. 762, 766 [212 Pac. 217].) The language of the renewal agreement shows that the promise of defendants was made to Rena Hileman in her capacity as executrix of the estate of Henry Hileman.

Defendants contend further that the renewal agreement was not a sufficient acknowledgment of or promise to pay the debt to remove the bar of the statute of limitations. No particular form for such an acknowledgment or promise is prescribed. (*Searles* v. *Gonzalez*, 191 Cal. 426 [216 Pac. 1003, 28 A. L. R. 78].) Section 360 of the Code of Civil Procedure requires only that the acknowledgment or promise be in a writing signed by the party to be charged. Its purpose is to establish a rule, not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence necessary to prove the promise or acknowledgment. (*Shirley* v. *Shirley*, 83 Cal. App. 386 [256 Pac. 823] ; *Lehman* v. *Newcomer*,

118 Cal. App. 145 [4 Pac. (2d) 994].) In the instant case the renewal agreement, signed by defendants Ash through their attorney in fact, provides that the said mortgagors "hereby renew said mortgage and note and promise and agree to the terms thereof and the extension of the same." Here is a clear promise to pay the note.

The renewal agreement was sufficient not only to revive the indebtedness but to renew the original mortgage as well. Although a new promise to pay a debt made after the statute has run does not itself revive a mortgage barred by the running of the statute on the original debt (*Weinberger* v. *Weidman*, 134 Cal. 599 [66 Pac. 869] ; *Sanford* v. *Bergin*, 156 Cal. 43 [103 Pac. 333] ; *Kern Valley Bank* v. *Koehn*, 157 Cal. 237 [107 Pac. 111] ; *Fontana Land Co.* v. *Laughlin*, 199 Cal. 625 [250 Pac. 669, 48 A. L. R. 1308]), the mortgage may be renewed by a compliance with the provisions of section 2922 of the Civil Code which provides that: "A mortgage can be created, renewed or extended, only by writing, executed with the formalities required in the case of a grant of real property." (See *Southern Pacific Co.* v. *Prosser*, 122 Cal. 413 [52 Pac. 836, 55 Pac. 145] ; *Conway* v. *Supreme Council C. K. of A.*, 137 Cal. 384, 389 [70 Pac. 223] ; *Sanford* v. *Bergin*, *supra.*) The renewal agreement in the present case was executed with the formalities required by section 2922 and contains an acknowledgment of the 1924 mortgage and debt sufficient to renew both and to start a new period of limitation. (See *Moore* v. *Gould*, *supra.*)

This new period of limitation began on the new maturity date set forth in the renewal agreement, namely forty months from and after February 1st, 1931, or June 1st, 1934. (*Steiner* v. *Davis*, 24 Cal. App. (2d) 692, 695 [76 Pac. (2d) 157].) An action thereon could thus not be barred before June 1, 1938. The complaint was filed in May, 1937, well within the statutory period, and it is immaterial whether the renewal agreement was executed on the date it bears, December 10, 1930, or on the date of the acknowledgment thereon, August 9, 1934.

It is also immaterial whether or not plaintiff waived his right to recover under the 1930 note and mortgage. The action was brought upon the 1924 note and mortgage and the agreement specifically renewing them, and those instruments constituted a sufficient cause of action in themselves. The fact that the renewal agreement bears the same date of execu-

tion as the new note and mortgage cannot operate to bind the three instruments into a single inseparable transaction.
■ The trial court did not find that the renewal agreement was executed *on* December 10, 1930, but that it was executed *"as of"* that date. Taken with the evidence that it was actually executed in 1934 on the date of its acknowledgment, and the finding of the court that *"*said renewal agreement was intended and it was the agreement of the parties thereto that it did not and would not change the provisions of said note and mortgage of 1930," the finding of the court was not that it was executed on December 10, 1930, but that it was merely so dated. The plaintiff evidently believed that a subsequent renewal in the form of the renewal agreement would operate to preserve the original lien of the first mortgage and give it priority over any intervening lien upon the property.

■ Defendant Cross incurred no liability by reason of the renewals executed by her as attorney in fact for the defendants Ash since she was acting not in her individual capacity but as agent for them and her acts were lawful and within the scope of her authority. (*Moore* v. *Gould, supra.*) ■ The statute of limitations had run against her agreement to pay the interest on the mortgage and there was no showing that this agreement was renewed. Acts by a principal obligor cannot toll the statute as to his guarantor in the absence of a provision in the contract of guaranty to that effect. (*Purdy* v. *Maree,* 31 Cal. App. (2d) 125 [87 Pac. (2d) 390].)

■ Plaintiff also appeals from judgments of nonsuit in favor of defendants Scott, Holbrook and Cross. Upon a motion for nonsuit the court must assume that all the evidence favorable to the plaintiff is true and must construe all presumptions, inferences, and doubtful questions in a manner most favorable to the plaintiff. (*Richardes* v. *Richardes,* 211 Cal. 392 [295 Pac. 816] ; *Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290 [244 Pac. 1077] ; *Henley* v. *Bursell,* 61 Cal. App. 511 [215 Pac. 114].) Conflicting or contradictory evidence must be disregarded. (*Rabe* v. *Western Union Tel. Co., supra; Henley* v. *Bursell, supra; Marchetti* v. *Southern Pacific Co.,* 204 Cal. 679 [269 Pac. 529].) If there is evidence to sustain the plaintiff's action, or if the evidence is conflicting, a nonsuit should be denied. In the light of these rules, it is apparent that the granting of a nonsuit as to these defendants was error. The plaintiff testified that he objected to the cutting of trees on the land and insisted that such

action be stopped. There was also testimony by a licensed real estate broker that the land was not worth over $200, that when it is covered by a stand of timber the trees constitute its principal value, that there is no firewood value to the trees now standing on the property, and that the value of the land was the same in 1934 as in 1937.

A mortgagee has a right of action for damages against his mortgagor and third persons who have cut and removed timber from the mortgaged land when these acts have rendered the mortgage insufficient security for the debt. (*Robinson* v. *Russell,* 24 Cal. 467, 473; *Buckout* v. *Swift,* 27 Cal. 433 [87 Am. Dec. 90]; *Lavenson* v. *Standard Soap Co.,* 80 Cal. 245 [22 Pac. 184, 13 Am. St. Rep. 147]; *Van Pelt* v. *McGraw,* 4 N. Y. 110. See cases cited in 19 Ruling Case Law, 326.) The principal amount of the debt owed to the plaintiff was $1000, and since the value of the land lay chiefly in its timber, it is clear that the cutting of the trees materially impaired the value of the security. There is no evidence that the executrix, Rena Hileman, the owner of the mortgage at the time of the cutting, had any personal knowledge of or ever assented to the cutting of the trees.

The contention of defendants Scott, Holbrook and Cross that the notice of appeal was filed too late was settled by the orders of this court on December 5, 1939, and January 16, 1940, denying the motions of these defendants to dismiss the appeal as to them. These rulings must be deemed final. (*Edwards* v. *Brockway,* 16 Cal. App. 626, 631 [117 Pac. 787]. See *White* v. *Fresno Nat. Bank,* 98 Cal. 166, 167 [32 Pac. 979].)

The judgment in favor of defendants Ash is reversed with instructions to enter judgment for the foreclosure of the mortgage upon the property. The judgments of nonsuit as to defendants Scott, Holbrook and Cross are reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Pullen J., *pro tem.,* concurred.

Respondents' petition for a rehearing was denied September 25, 1941.