[No. 6,583.—Department Two.]

## JAMES J. O'CONNOR ET AL. *v.* EDMOND FLYNN.

EXECUTOR—FRAUDULENT CONVEYANCE—TRUST—ESTATES OF DECEASED PERSONS.—Real estate of a decedent was sold by the executor under order of Court, and subsequently and prior to the report and confirmation of sale the executor bought from the purchaser, and the deed from the purchaser to the executor was made after the confirmation of sale. *Held,* that the executor, at the instance of the heirs, should be decreed to be a trustee for the heirs, and this although no understanding was had between the executor and the purchaser prior to the sale, and although the land brought a fair price.

ID.—ID.—ID.—ID.—In such case there should be an accounting decreed between the executor and the heirs, and the former should be credited with the price paid by the purchaser, and the amounts paid for necessary repairs, taxes, and insurance, and for buildings erected by him, and he should be charged with rents and value of use; but if the cost of the buildings exceed the rent and value of use, then the executor should not be credited with such cost, but should be allowed to remove the buildings ; all balances to bear legal interest, with annual rests.

APPEAL from a judgment, and order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

This was an action to determine that the defendant held certain real property in trust for the plaintiffs. The defendants had judgment.

After the decision, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*Sawyer & Ball*, and *M. G. Cobb*, for Appellants.

The purchase was fraudulent and voidable at the instance of the plaintiffs.   (Code Civ. Proc. § 1576 ; *Boyd* v. *Blankman*, 29 Cal. 19 ; *Scott* v. *Umbager*, 41 id. 410 ; *Guerraro* v. *Ballerino*, 48 id. 118.)

*J. W. Winans*, and *Charles McC. Delaney*, for Respondent.

If the defendant had not made this purchase from Wade, the land would no less have been lost to the plaintiffs.

Myrick, J. :

The plaintiffs, one of whom is an adult, the others infants, were devises under the will of their father, Hugh O'Connor. The defendant was one of the executors of the will.   In the course of administering the estate, it became necessary to sell the real estate devised, and to that end, after due proceedings, the Probate Court made its order of sale.   At the sale the defendant procured one Collins to bid off the property for him.   At the hearing for confirmation an advanced bid was made, and the Court directed a resale.   The defendant was desirous of purchasing the property, but was advised by his attorney that he could not do so, being one of the executors ; that he could sell the property to the highest bidder, and after the completion of the sale he could purchase of such bidder, provided no previous agreement should be made between them.   The real estate was put up at auction for a second sale, and at such sale one J. C. Wade became the purchaser, for a fair price, viz., $5,650.   Wade did not bid off the property for or on account of defendant ; they had no communication prior to the bidding relating to the sale.   Defendant was not present at the sale, but kept away on purpose, so that he might not seem to be interested.   He made no effort, beyond the legal advertising, to induce bidders or bidding.   Immediately and daily after the day of sale he made efforts to find Wade, in order to bargain with him for the purchase of the,

land, and some ten or fourteen days after the day of sale they met, and it was agreed between them that defendant should pay to Wade some $350 advance, and take a deed from him.    This was before the confirmation of the sale by the Court.    As soon as the sale to Wade was confirmed, he took a deed from the executors, and executed a deed to defendant, the defendant paying to him (Wade) the amount bid and the advance.    At the confirmation, proof was offered to the Court that the price bid by Wade was a fair price, but the fact of the agreement between Wade and defendant for the purchase was not made known.    The defendant received his deed from Wade at the same time and place that Wade received the deed from the executors.    The dates are as follows:  Second sale, May 4th, 1870; return of sale, May 19th, 1870; confirmation, May 25th, 1870; deed from the executors to Wade, June 1st, 1870; recorded, June 3rd, 1870; deed from Wade to defendant, June 4th, 1870.

Under this state of facts, we are of opinion that defendant holds the legal title to the property in trust for the plaintiffs, subject to a proper accounting for the money paid for the purchase, and for repairs, etc., less rents received, and any other proper transactions that may exist between the parties.    If defendant had waited until after the sale had been confirmed, he might then have bargained for the property.    We know of no reported case holding that an executor or administrator is prohibited from purchasing *after* the confirmation, even though he then be in office.    But in this case the executor, before the confirmation, before even the sale was reported, bargained with the purchaser, and thus placed his interest in conflict with his duty.    His interest was to have the property confirmed at the lowest possible price; his duty was to have the property bring the highest price.    It may be said, as the Court below found, that defendant acted in perfect good faith, so far as his intentions were concerned; yet so strict is the law in regard to persons dealing with trust property and funds, that it will not permit them to place themselves in a position antagonistic to the interests of their *cestuis que trust.*    At the confirmation, defendant's interests were antagonistic to the interests of plaintiffs; if some person had proposed to him to make an advance bid, it would

have been to his interest to discourage the same. Not until confirmation did the sale become complete. A text writer, speaking of the duties of a trustee, says: "It is not enough, in the eye of the law, to protect him, that he did not mean to prejudice his beneficiary. If his act is open to suspicion, he will be held to have violated his duty, which is, not to strive to do questionable things conscientiously, but wholly to refrain from all action or intermeddling in them, of what nature soever." See, also, *Michoud* v. *Girod*, 4 How. 557, where i: is said: "The inquiry is not whether there was or was not fraud in fact. The purchase is void, and will be set aside ↑t the instance of the *cestui que trust*, and a resale orderec on the ground of the temptation to abuse, and of the danger o imposition inaccessible to the eye of the Court."

Judgment and order reversed, and cause remanded, with instructions that the Court below take an accounting between the parties upon the following basis:

Credit the defendant with the amount for which the property was sold to Wade, viz., $5,650; also with the amount paid by him for necessary repairs, taxes, and insurance, and for buildings erected by him on the premises, if any, since his purchase; charge to the defendant the amount received by him for rent; also the use and occupation; balances to bear interest at the statutory rates, with annual rests; provided, however, that the cost of buildings erected by the defendant shall be borne only by the rents, and use and occupation of the premises, and is not to be a charge upon the land; and if the cost of such new buildings exceed the rents and use, the defendant may have the right to remove them within a proper time, to be fixed by the Court below, he being charged with the value of the use of the land, and with the rents and use of the buildings not removed.

The Court below will then decree that defendant holds the legal title of the premises in trust for the plaintiffs, and that upon the payment by plaintiffs to defendant of the amount which may have been found due him, such payment to be made within such reasonable time as the Court below may fix, the defendant convey to the plaintiffs the premises; and if such payment be not made, the premises be sold at public auction, any of the parties hereto having the right to purchase, and from the

proceeds of such sale the amount due defendant be paid to him, the surplus to be divided equally between the plaintiffs.

The defendant to bear all costs.

MORRISON, C. J., and THORNTON, J., concurred.

[Subsequently to the filing of the foregoing opinion and order, the Court made the following order:]

The COURT:

In this case it is ordered that the opinion and order herein filed February 18th, 1881, be amended so that the paragraph commencing with the words " Credit the defendant," and ending with the words " buildings not removed," shall read as follows:

" Credit the defendant with the amount for which the property was sold to Wade, viz., $5,650; also with the amounts paid by him for necessary repairs, taxes, and insurance, and for buildings erected by him on the premises, if any, since his purchase from Wade; charge to the defendant the amounts received by him for rents; also the value of the use and occupation of such portions of the premises as may have been occupied by defendant; balances to bear interest at the statutory rates, with annual rests; provided, however, that the cost of buildings erected by defendant shall be borne only by the excess of the rents and use and occupation over the cost of repairs, taxes, and insurance, and shall not be a charge upon the land; and if the cost of such new buildings be greater than such excess, the defendant may have the right to remove them within a proper time, to be fixed by the Court below, he being charged with the value of the use of the land occupied by such buildings, and with the rents and use of the remainder of the premises. In case of removal, the repairs, taxes, insurance, and rents of the buildings removed will not enter into the account."