[Civ. No. 3691.   Third Appellate District.—March 25, 1929.]

H. L. APPLING, Respondent, v. MRS. AUGUST BRUECK-NER, Appellant.

J. B. Jennings for Appellant.

F. W. Reeder for Respondent.

FINCH, P. J.—This action was brought by the plaintiff, as trustee of the estate of Frank Brueckner, a bankrupt, to recover money paid by the bankrupt to the defendant, within four months before the filing of the petition in bankruptcy,

in satisfaction of an antecedent debt. Judgment was entered in favor of the plaintiff and the defendant has appealed on the judgment-roll alone.

█ The only question raised by the appeal, although stated in various forms by appellant, is whether the case is governed by the provisions of sections 60a and 60b of the National Bankruptcy Act or sections 3432 and 3451 of the Civil Code of this state. The court found that the payment referred to was made October 15, 1927, in satisfaction of a debt incurred in 1919, and that the petition in bankruptcy was filed November 2, 1927. The other facts found by the court show that the payment constitutes a preference under the provisions of section 60a of the Bankruptcy Act. Section 60b authorizes the trustee in bankruptcy to sue for the recovery of such a payment. Sections 3432 and 3451 provide, in substance, that a debtor, although insolvent, may pay one creditor in preference to another. That these sections of the Civil Code are in conflict with sections 60a and 60b of the Bankruptcy Act does not admit of doubt.

"The Federal Constitution, article I, section 8, gives Congress the power to establish uniform laws on the subject of bankruptcy throughout the United States. In view of this grant of authority to the Congress it has been settled from an early date that state laws, to the extent that they conflict with the laws of Congress, enacted under its constitutional authority, on the subject of bankruptcies, are suspended. . . . The Bankruptcy Acts of Congress may recognize the laws of the state in certain particulars, although such recognition may lead to different results in different states. . . . Section 70e of the Bankruptcy Act provides: 'The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided. . . . ' This section, as construed by this court, gives the trustee in bankruptcy a right of action to recover property transferred in violation of state law. . . . Under this subdivision if a creditor could have avoided a transfer under a state law, a trustee may do the same." (*Stellwagen* v. *Clum*, 245 U. S. 605 [62 L. Ed. 507, 38 Sup. Ct. Rep. 215].) Appellant cites the Stellwagen case in support of the contention that the state law governs in the instant case, but the language quoted shows that it is an authority to the contrary. █ Resort may be had to the state law to reach property of the bankrupt other than

that mentioned in section 60a of the Bankruptcy Act, but not to limit or defeat a recovery under the provisions of that section. *Retsloff* v. *Smith*, 79 Cal. App. 443 [249 Pac. 886], and *Oliver* v. *Staples & Pfeiffer*, 67 Cal. App. 570 [227 Pac. 927], are cases arising under sections 60a and 60b of the Bankruptcy Act. *Ury* v. *Van Every*, 181 Cal. 604 [188 Pac. 985], *Guernsey* v. *Douglas*, 171 Cal. 329 [153 Pac. 227], and *Brandenburger* v. *Chipman*, 87 Cal. App. 707 [262 Pac. 463], are cases involving other sections of the act, which "recognize the laws of the state in certain particulars." No case cited by appellant lends any support to the contention that the state law prevails over the Bankruptcy Act in case of a conflict between them. Of course, in actions which have no relation to any proceeding in bankruptcy, the provisions of the Bankruptcy Act have no application. Some of the cases cited by appellant are of that kind.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.