In re Joseph B. PREJEAN, Debtor.

Ursula MADDOX, Appellant,

v.

Jerome E. ROBERTSON, Appellee.

No. 91–16741.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1993.

Decided June 2, 1993.

Stanley A. Zlotoff, Bluer & Zlotoff, San Jose, CA, for appellant.

Cathleen Cooper Moran, Law Offices of Cathleen Cooper Moran, Mountain View, CA, for appellee.

Before: CANBY, and BRUNETTI, Circuit Judges, and JONES,* District Judge.

CANBY, Circuit Judge:

Before 1986, California adhered to a version of the Uniform Fraudulent Conveyance Act. That Act provided in part that a conveyance was not constructively fraudulent if a debtor received a "fair consideration" for the conveyance. *See* former Cal.Civ.Code § 3439.04 (West 1970). The California Court of Appeal determined that the payment of an antecedent debt that is partially time-barred is "fair consideration." *See United States*

* The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting

by designation.

*Fidelity & Guaranty Co. v. Postel,* 64 Cal. App.2d 567, 149 P.2d 183, 186 (1944).

This appeal raises the question whether California's recent adoption of the Uniform Fraudulent Transfer Act, which substitutes "reasonably equivalent value" for "fair consideration," implies a rejection of the rule of *United States Fidelity* regarding time-barred debt. The Bankruptcy Appellate Panel (BAP) concluded that it did. We disagree, and reverse.

## I

The relevant facts in this case are undisputed. Ursula Maddox lent her brother, Joseph Prejean, $40,000 between 1968 and 1971 to assist him in attending medical school. The two did not memorialize the loan in writing. Between 1974 and 1984, Maddox also cared for Prejean's child. Nothing was set down in writing during that period either to value those services or to establish terms of payment.

Maddox and Prejean agreed in 1985 upon a figure of $200,000 as representing the aggregate value of the child care services and the loan. They did not record that figure in writing. In September 1987, Prejean gave Maddox a $100,000 note that he secured with a deed of trust upon his home. The deed was recorded in January 1988.[1]

Seventeen months later Prejean sought relief under Chapter 7 of the Bankruptcy Code.

The trustee brought an action in the bankruptcy court to set aside the transfer of the interest in Prejean's home under section 544 of the Code. That section permits a trustee to assert the state-law rights of a creditor to avoid a transfer from the bankrupt's estate. The trustee in this case alleged that the transfer of the home violated the California Fraudulent Transfer Act (CFTA), Cal.Civ. Code sections 3439–3439.12. The primary issue was whether the satisfaction of a time-barred debt[2] is "reasonably equivalent value" for a transfer, thus precluding the transfer from being avoidable under Cal.Civ.Code section 3439.04.[3]

The bankruptcy court refused to set aside the transfer. It found that the note and transfer had been made in good faith, and that finding is not challenged here. Citing *United States Fidelity,* the court reasoned that the discharge of a moral obligation is "reasonable consideration" for a new promise to repay a time-barred debt. The bankruptcy court further concluded that an "additional factor in determining the reasonableness of the consideration ... [as] reasonably equivalent value is whether or not a debtor had a good faith belief in the enforceability of the debt." Finding such a good faith belief, the court ruled that the transfer was for reasonably equivalent value. The court relied upon *Mayors v. Commissioner of Internal Revenue,* 785 F.2d 757 (9th Cir.1986), for this portion of its ruling. Both *United States Fidelity* and *Mayors* had been decided under

---

1. Prejean also recorded two other deeds of trust in favor of Maddox, but they were conceded to be voidable preferences because the transfers were made within a year of the filing of the bankruptcy petition. *See* 11 U.S.C. § 547(b)(4)(A) and (B).

2. It is undisputed that satisfaction of an antecedent debt that is not time-barred constitutes "value" for purposes of the CFTA. *See* Cal.Civ.Code § 3439.03 (West Supp.1993).

3. The current version of section 3439.04 provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they become due.

Cal.Civ.Code section 3439.04 (West Supp.1993)
The former version provided:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Cal.Civ.Code section 3439.04 (West 1970).

the California Fraudulent Conveyance Act (CFCA), the predecessor of the CFTA.

The BAP reversed the judgment of the bankruptcy court. It held that under the CFTA a transferor's good faith was irrelevant to determining the existence of reasonably equivalent value. The BAP also concluded that *United States Fidelity* and *Mayors* were no longer good law. Analogizing section 3439.04 of the CFTA to 11 U.S.C. § 548, the federal "strong-arm" statute that contains "reasonably equivalent value" language, the BAP said:

> The switch from "fair consideration" to "reasonably equivalent value" directs attention away from what is fair as between the parties and instead measures consideration in terms of its objective worth to all the transferor's creditors.

Maddox appealed. We have jurisdiction under 28 U.S.C. § 158(d).

## II

■ We review de novo the BAP judgment. The issues now in dispute are legal ones, and the bankruptcy court's resolution of those questions is also subject to de novo review. *In re Siriani,* 967 F.2d 302, 303–04 (9th Cir.1992). Assuming without deciding that good faith is irrelevant to the determination of "reasonably equivalent value" under the CFTA, we conclude that *United States Fidelity* survives adoption of the CFTA.

In that case a client assigned her interest in her deceased husband's estate to her attorney. The consideration for the assignment was a debt for professional services. *United States Fidelity,* 149 P.2d at 185. A portion of that debt was barred by the statute of limitations at the time the assignment was made. *Id.* A judgment creditor of the client brought an action under the CFCA to set aside the assignment. The Court of Appeal held that the fact that all or part of a debt was barred by limitations did not mean that a transfer in payment of it was not fair consideration. *Id.* 149 P.2d at 186. It accordingly refused to avoid the transfer.

■ In holding that *United States Fidelity* was no longer good law, the BAP appears to have taken the view that *United States Fidelity* focused on the issue of fairness between the parties to the transfer, rather than on the question whether the estate had lost value from the standpoint of a creditor. We do not read *United States Fidelity* so narrowly. The value of the moral obligation held to be a fair consideration in that case depended on the fact—the originally valid debt for professional services—that gave rise to the obligation.[4] The argument had been made that passage of the Fraudulent Conveyance Act with its requirement of "fair consideration" rendered a transfer in consideration of a time-barred debt avoidable. The *United States Fidelity* opinion rejected that argument, stating that "[n]othing in the wording of the act indicates that it was intended to exclude a promise to pay a debt barred in part by the statute of limitations *if there was in fact* a fair consideration given in good faith by the respective parties." *Id.* 149 P.2d at 186 (emphasis added).

■ It is not proper to discount this consideration in *United States Fidelity* on the ground that passage of the CFTA shifted the point of view in evaluating consideration from that of the parties to the transfer to that of the creditors. It is true that the CFTA requires "reasonably equivalent value" to be determined from the standpoint of the creditors. Cal.Civ.Code § 3439.03 note 2 (West Supp.1993) (Legislative Committee Comment). But "fair consideration" under the old law also was determined from the viewpoint of the creditors. *Hansen v. Cramer,* 39 Cal.2d 321, 245 P.2d 1059, 1061 (1952)[5]; *Patterson v. Missler,* 238 Cal.App.2d 759, 48 Cal.Rptr. 215, 220 (1965). Moreover, the prior statute defined "fair consideration" as

---

**4.** Indeed, under California law a moral obligation *in itself* is not consideration even between the parties to the agreement. *See, e.g., Leonard v. Gallagher,* 235 Cal.App.2d 362, 45 Cal.Rptr. 211, 219 (1965) (interpreting Cal.Civ.Code section 1606). If it were, variant and variable concepts of morality could render any promise enforceable. *See* 1A Arthur Linton Corbin, *Corbin on Contracts* § 230 at 343–44 (1963). California law is more restrictive than that; a moral obli-

gation provides consideration for a new promise to pay a time-barred debt only because that debt is, but for the statute of limitations, enforceable. *See Easton v. Ash,* 18 Cal.2d 530, 116 P.2d 433, 435–36 (1941).

**5.** It is true that *Hansen* recited that an antecedent debt proffered as consideration must be "a legally enforceable obligation of the grantor," *Hansen,* 245 P.2d at 1060, but that statement was

the exchange of property or satisfaction of an antecedent debt which was the "fair equivalent" of the property transferred. Former Cal.Civ.Code § 3439.03 (West 1970); *see Hansen*, 245 P.2d at 1060.

■ We discern nothing in the language or history of the CFTA that would lead us to conclude that a time-barred debt that was a "fair equivalent" from the viewpoint of the creditors under the prior law is not also "reasonably equivalent value" under the CFTA. There has been no showing that the California legislature intended to abrogate the rule of *United States Fidelity* in enacting the current statute.[6]

### III

The undisputed facts before us are analogous to those in *United States Fidelity*. As in that case, Prejean gave Maddox a security interest in satisfaction of an antecedent obligation, arising from cash loans and valuable services, that, but for the statute of limitations, was enforceable. Therefore, our determination that *United States Fidelity* remains good law compels a conclusion that the transfer here satisfied the requirement of "reasonably equivalent value" contained in the CFTA.[7]

The judgment of the Bankruptcy Appellate Panel is REVERSED.

not made to reject a time-barred debt as consideration. It was made in reference to a wife's payment of an antecedent debt of her husband, which was not legally enforceable against her; she was not liable for it. The *Hansen* opinion stated that it was not presented with the question of the right of a debtor to exercise a preference to pay his own creditors, and cited *United States Fidelity*. *Id.* It is therefore clear that *Hansen*, rather than casting doubt on *United States Fidelity*, appears to support it.

*In re Curry & Sorensen, Inc.*, 112 B.R. 324 (9th Cir. BAP 1990), relied upon by the trustee, is similar to *Hansen*. It avoided a transfer in payment of an unenforceable promise because the underlying agreement lacked consideration. *Id.* at 327. The obligation there had never been enforceable, unlike the antecedent debt that Prejean owed to Maddox.

6. In fact, the Legislative Committee Comment to the statute states that the definition of "value" under the CFTA "is in accord with California cases which hold that fairness of consideration is to be judged from the standpoint of creditors of the debtor." Cal.Civ.Code section 3439.03 note 2 (West Supp.1993).

7. Maddox cites numerous authorities which hold that because a creditor has no power to attach a judgment lien to property upon which a homestead is declared, no transfer of a homestead can be fraudulent. Those cases, however, were decided under a statutory scheme that is no longer in effect. Under the revised scheme creditors can reach property subject to a homestead exemption. *Reddy v. Gonzalez*, 8 Cal.App.4th 118, 10 Cal.Rptr.2d 55, 56–57 (1992). Therefore, a transfer of such property may be challenged as a fraudulent conveyance. *See id.*