In re FIRST CAPITAL HOLDINGS CORP., et al., Debtors.

OFFICIAL COMMITTEE OF CREDITORS, Plaintiff,

v.

SHEARSON LEHMAN BROTHERS HOLDINGS, et al., Defendants.

Bankruptcy No. LA 91–75518–SB. Adv. No. LA 92–01723–SB.

United States Bankruptcy Court, C.D. California.

March 17, 1995.

H. Lee Godfrey, Parker C. Folse, III, Thomas W. Paterson, Max L. Tribble, Jr. and Kenneth S. Marks of Susman, Godfrey L.L.P., Houston, TX, for creditors committee.

John W. Cotton and Helen L. Duncan of LeBouef, Lamb, Green & MacRay, Los Angeles, CA, for Shearson Lehman Brothers Holdings Inc. and Shearson Lehman Brothers Inc.

Gerald Kerner of Willkie, Farr & Gallagher, New York City, for non-management directors.

Andrew M. White, Eric N. Landau and Shari J. Cohen of Christensen, White, Miller, Fink & Jacobs, Los Angeles, CA, for management directors.

## DECISION ON TESTIMONY OF ROBERT WEINGARTEN ON FRAUDULENT TRANSFER CLAIM

SAMUEL L. BUFFORD, Bankruptcy Judge.

### I. INTRODUCTION

Defendants Shearson Lehman Brothers Holdings, Inc. and Shearson Lehman Brothers, Inc. (collectively referred to as "Shearson" for the purposes of this opinion) have proffered percipient testimony by defendant Robert Weingarten at the trial on the fraudulent transfer cause of action in this litigation. In this opinion the Court explains why this testimony is excluded.

Various defendants have also complained that they should have a right to object at trial to the admission of documents that were admitted for the summary judgment motions heard by this Court. The Court holds that this right is preserved for trial for those who have reserved their objections in the summary judgment record, but only as to documents that are actually used at trial. As to all other documents, their admission in the summary judgment record is dispositive for all purposes.

The resolution of these issues turns on the relationship between the bench trial[1] on the merits now in progress and the prior summary judgment hearing in this adversary proceeding.

## II. FACTS

The creditors' committee has brought this adversary proceeding, on behalf of the three substantively consolidated debtors and their creditors, against a number of parties on a number of theories. The proceeding was authorized in a prior decision of the Court, *In re First Capital Corp.*, 146 B.R. 7 (Bankr. C.D.Cal.1992).

One of the committee's claims is a fraudulent transfer claim against Shearson. The committee contends that the purchase by First Capital Holdings ("FCH"), the parent debtor in this case, of Hutton Life Insurance Group ("Hutton Life") from The Hutton Group ("Hutton") in 1987 was a constructive fraudulent transfer. In round numbers, the committee contends that FCH paid $300 million for a business worth $200 million in this transaction. The committee seeks to recover the difference of $100 million from Shearson, the successor to Hutton.

The Court has heard 21 days of oral argument and considered many hundreds of documents and more than 15 feet of written argument on summary judgment in this adversary proceeding. The summary judgment record addresses virtually all of the issues in this proceeding.

The Court has found a triable issue of fact on the subject of whether the debtor was rendered nearly insolvent by the transaction. The summary judgment evidence on both sides of this issue was presented by experts. The Court has found the expert opinions conflicting, and that this has raised a triable issue of fact. Accordingly, the Court has heard trial testimony from these experts.

## III. ANALYSIS

### A. Summary Judgment Proceedings

■ The purpose of a summary judgment proceeding is to permit the prompt disposi-

tion of actions (1) in which there is no genuine issue of material fact or (2) in which only a question of law is involved. 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2712 (1983); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). It is a particularly important tool for the avoidance of unnecessary trials when no genuine issues of material fact have been raised. 10A Wright, *supra; Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135–36 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The avoidance of unnecessary trials is particularly important in a district like the Central District of California, the busiest bankruptcy court in the nation (based both on the total number of cases and the weighted caseload per judge), where trial time is one of the scarcest resources available.

■ The court may grant summary judgment to a non-moving party even where there are no cross-motions for summary judgment, if it appears that there is no genuine dispute concerning a material fact that is essential to the movant's case. *Id.* at 28–35; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982).

The summary judgment motions before the Court include issues that have been fully argued, but which have not been included in pending summary judgment motions. The court may adjudicate any fully argued issues, except insofar as the Court may find a triable issue of fact. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800 (9th Cir.1995) (upholding sua sponte summary judgment on fully argued issues); *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir.1985); *Cool Fuel*, 685 F.2d 309, 311 (9th Cir.1982). The Fifth Circuit has stated:

> If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues

---

1. The district court has found on more than one occasion that Shearson is not entitled to a jury trial in this adversary proceeding. After certifi-

cation by the district court for review by the Ninth Circuit, the Ninth Circuit has declined to review this issue.

of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved.... A trial on the merits would reveal no additional data.... The judge, as trier of fact, is in a position to and ought to draw [the] inferences without resort to the expense of trial.

*Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123–244 (5th Cir.1978) (reversing summary judgment because one issue was triable to a jury), *rev'g* 406 F.Supp. 261 (W.D.La.1976); *accord, Starsky v. Williams*, 512 F.2d 109, 112–13 (9th Cir.1975). Similarly, Wright states:

[I]t should be noted that when the court is ruling on cross-motions [for summary judgment], the facts sometimes become fully developed at the hearing on the motions. When this occurs in a nonjury case the court may proceed to decide the factual issues and render a judgment on the merits without any further delay if it is clear that there is nothing else to be offered by the parties and there is no prejudice in the court proceeding in this fashion. As a practical matter, of course, this procedure amounts to a trial of the action and technically is not a disposition by summary judgment.

10A Wright, *supra*, at 26–27.

Before granting summary judgment to a non-moving party, each party must have a full and fair opportunity to present evidence and argument in its favor. *Cool Fuel*, 685 F.2d at 312. The Court has notified the parties in this case on numerous occasions dating back to the beginning of the summary judgment hearings (that spanned a period of nine months) that it intends to grant summary judgment on every issue as to which there is no substantial controversy on a material fact, irrespective of who may be the moving party. Thus the parties have known from that point that they were required to present their proof at the summary judgment hearings, and have had ample opportunity to do so.

The Court finds that there is no material dispute as to most of the material facts. The parties differ dramatically, however, in their evaluation of the operative facts: the credi-

tors' committee claims that it is entitled to recover nearly $1 billion from the defendants, while the defendants deny any liability on the claims. Summary judgment is the appropriate method of resolving such disputes.

**B. Relationship Between Summary Judgment and Trial**

There are two possible relationships between a summary judgment proceeding and a subsequent trial on the merits. Where a jury must try a case, all issues not disposed of in summary judgment must be tried in full to the jury, and for the most part the summary judgment record is disregarded at trial: the parties must present all their evidence at trial on all issues not disposed of in summary judgment.

In a bench trial, in contrast, where the finder of fact is the judge who has heard the summary judgment motion, the court has much more flexibility. Thus a very different procedure is authorized by Rule 43(e) of the Federal Rules of Civil Procedure:

When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

The Federal Judicial Center monograph on summary judgment explains the procedure for summary judgment in a bench trial as follows:

[W]hen the question for decision concerns drawing inferences from undisputed evidence, or interpreting and evaluating evidence to derive legal conclusions, a trial may not add to the judge's ability to decide. Thus, when the disputed issue is one · of ultimate fact, a bench trial is often unnecessary; the considerations that militate in favor of trial if it is to a jury do not apply. Even if a judge faced with such a situation wants to hear witnesses in order to question them or develop the record, a limited evidentiary hearing may be held for this purpose under Fed.R.Civ.P. 43(e).

William W. Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions* 39 (1991). Schwarzer further states:

What is clear is that bench trials present different options consistent with the court's proper function. A court may determine that a full trial would add nothing to the paper record and, after proper notice, decide a case on that record, making a decision on a "trial without witnesses" rather than on summary judgment. However one interprets Rule 56, *courts have considerable discretion in fashioning a procedure for factual development other than a full trial.*

*Id.* at 39–40 (emphasis added).

In addition, Rule 42(b) provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ... or issues....

Fed.R.Civ.P. 42(b). Similarly, Rule 56(d) provides in relevant part:

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy ... and directing such further proceedings in the action as are just.

Fed.R.Civ.P. 56(d).

If this Court were to abandon the summary judgment record as to matters for which some trial is needed, the trial would take many months to complete, even if five days a week were devoted exclusively to it. This would be an inordinate waste of judicial time, as well as of the time and effort of the parties in presenting and arguing the summary judgment motions. The Court declines to adopt this procedure.

■ Instead, the Court adopts the procedure recommended by Schwarzer and Wright, *supra,* and authorized by *Nunez.* Under this procedure, the evidence and argument presented in the summary judgment record is fully before the Court in connection with the trial. In a bench trial the court may use the record from a summary judgment proceeding to decide matters at the trial, insofar as this record does not raise triable issues of fact.

Given the complexity of this case, the Court has decided to proceed as authorized in Rules 42(b), 43(e) and 56(d) [2] by identifying those issues as to which a trial is needed, and setting them for trial. Apart from these issues, the adversary proceeding will be decided based on the summary judgment record. Insofar as trial is concerned, the facts found on summary judgment become "a part of the background of the case in the same manner as allegations pleaded by [one party] and undenied by [the opponent]. Such facts ... require neither further allegation nor proof by either party." *Griffeth v. Utah Power & Light Co.,* 226 F.2d 661, 668 (9th Cir.1955). Rules 42(b), 43(d) and 56(d) clearly contemplate this procedure.

Here, the parties have had ample opportunity to present evidence on the material issues. Shearson is thus off the mark when it complains: "Because the state of the proceedings is such that there is neither a Rule 54(d) [sic.] order nor a pretrial order with stipulated facts, there are no facts that have been stipulated or established in this trial." This is simply not true. The entire record in the summary judgment proceedings is before the Court, and this record establishes most of the material facts relevant to this adversary proceeding.

Shearson has also complained that this procedure deprives it of the opportunity to move for dismissal after the completion of plaintiffs' case. The Court finds no such injustice. The only issues that the Court is setting for trial are those for which it has found, based on the summary judgment record, that the committee has presented a pri-

**2.** Rules 42, 43 and 56 of the Federal Rules of Civil Procedure are made applicable to adversary proceedings by Rules 7042, 9017 and 7056, respectively, of the Federal Rules of Bankruptcy Procedure.

ma facie case. Thus a motion to dismiss does not lie as to any such issue. If the committee has not presented a prima facie case, judgment will be awarded on the summary judgment record.

## C. Testimony by Percipient Witnesses

### 1. Testimony by Robert Weingarten

Shearson wants to present testimony from Robert Weingarten, the former president of FCH, on the fraudulent transfer claim. Before permitting Weingarten to testify, the Court has required Shearson to specify the subjects on which he would testify, to determine whether such testimony would be relevant to a triable issue of fact. Although Shearson complains of this procedure, it is part of the pretrial process provided in this district. See Local Rule 121(2)(b)(v) ("The lists of witnesses shall be attached to the proposed Joint Pre-Trial Order and shall describe concisely the subject of their proposed testimony.") The Court has broad discretion in regulating the course of trial. This includes the power to exclude witnesses whose testimony is not relevant.

Shearson claims that Weingarten has testimony relevant to the fraudulent conveyance cause of action on the following issues: (1) whether Hutton was paid too much for Hutton Life; (2) what value Hutton Life had for FCH;[3] (3) whether the projections relied on by FCH at the time were reasonable; and (4) how much was paid to Hutton in the transaction.

The Court finds that none of this testimony is admissible at trial. Whether FCH paid too much for Hutton Life, and the reasonability of the projections relied on by FCH, are matters for expert testimony, and the Court has heard the experts on both sides. Shearson has not designated Weingarten as an expert and he has not qualified as an expert on these subjects.

What value Hutton Life had *for FCH* is not at issue in this litigation. The objective market value of Hutton Life at the time of the transfer, looked at from the creditor perspective, is the issue for fraudulent transfer analysis. *Maddox v. Robertson (In re Prejean)*, 994 F.2d 706, 708 (9th Cir.1993); *Pajaro Dunes Rental Agency v. Spitters (In re Pajaro Dunes Rental Agency)*, 174 B.R. 557, 578 (Bankr.N.D.Cal.1994); *Patterson v. Missler*, 238 Cal.App.2d 759, 766, 48 Cal. Rptr. 215, 220 (1965) (construing the Uniform Fraudulent Conveyance Act, predecessor to the present Uniform Fraudulent Transfer Act). If a fact is not at issue, evidence of the fact is not relevant. Fed.R.Evid. 401.

Finally, the Court finds that Weingarten's testimony on how much FCH paid for Hutton Life is not helpful, for reasons that will be explained in the Court's fraudulent transfer opinion.

Weingarten's testimony has not been excluded altogether in this case. Shearson has submitted a portion of his deposition testimony as part of the summary judgment record. This evidence is before the Court, and will be given due weight in the final determination of the adversary proceeding. Only the additional testimony is excluded on this subject.[4]

Shearson also makes reference in its proffer of testimony to its proposed findings of fact, and asserts that Weingarten has relevant testimony on a number of these facts. Except as specified herein, the Court does not find that they are before the Court for trial.

### 2. Assumptions Used by Actuaries

After hearing the expert testimony on the fraudulent transfer cause of action, the Court finds that percipient testimony is needed on the defendant side on one fact issue: the reasonableness of the assumptions used by the actuaries who prepared projections for FCH. In particular the Court finds it neces-

---

**3.** Actually, Shearson contends that First Capital Life Insurance Group was the acquiring entity, and offers Weingarten's testimony on the value of the assets that it received. However, the Court finds that the acquirer was FCH, for reasons that will be explained more fully in its fraudulent transfer opinion.

**4.** Furthermore, Weingarten has testified and will testify further on other issues in the trial of this case.

sary to hear testimony on the reasonableness of the assumption that a substantial savings in expenses could be realized for Hutton Life after its acquisition by FCH. These projections were used by the actuary who testified for defendants on the issue of whether the transaction at issue rendered the debtor nearly insolvent, and whether it made FCH unable to pay its debts as they came due. The actuary witness based his opinion on actuarial projections made more or less contemporaneously with the transaction. These projections, according to his testimony, relied on assumptions provided by management of FCH or of First Capital Life, the operating subsidiary. The Court grants Shearson the opportunity to present such testimony, whether by Weingarten or by other percipient witnesses.

## D. Admission of Documents

At the summary judgment hearing the Court considered a number of objections to the admissibility of documents, and made rulings on these objections.[5] The remainder of the documents in the summary judgment record have been admitted without objection, and there is no further issue as to their admissibility.

■ However, certain parties contend that they have reserved until trial their right to object to the admission of documents proffered at trial. In consequence, they contend that it would be unfair and unjust to permit "any wholesale introduction of the summary judgment record into the trial record." The Court finds some merit in this position, but that its scope is limited.

For exhibits that are used at trial and become part of the trial record (as distinguished from the summary judgment record), the Court finds that the right to object has been reserved by these parties, except as to those documents for which the Court made admissibility rulings in the summary judgment proceedings. The Court will rule on the admissibility of any trial documents as to which objections are made that cannot be resolved by the parties.[6]

However, the scope of the Court's ruling on this issue is limited. It applies only to exhibits actually used at trial, as opposed to those that have been presented in the summary judgment record. For those issues as to which the Court finds the summary judgment record to be adequate, this additional opportunity to object will not arise.

## IV. Conclusion

The Court finds that almost all of the material facts in this adversary proceeding are without dispute. Accordingly, there is no need for a trial on the merits to establish them. Trial will be limited to the presentation of evidence on the issues of fact that the Court finds to be in dispute. Apart from such evidence, the adversary proceeding will be decided on the summary judgment record.

For these reasons, Shearson's introduction of testimony by Weingarten on the fraudulent transfer issue is not permitted, except on the issues specified for trial. Documents admitted in connection with the summary judgment motion are fully before the Court, except where objections have been reserved, but a reservation of objections is effective only for those documents actually used at trial.

---

5. Insofar as it may be necessary to protect the record, the Court deems that the same objections have been made at trial, and that the Court has made the same rulings on them.

6. The Court contemplates that in due course the parties will prepare a stipulation regarding the admissibility of trial documents, of the sort that is usually done as part of a pretrial conference, which will narrow the scope of any trial objections to admissibility.