In re: Sherman MAZUR & Michelle Mazur, Debtors.

Diane Breitman, Appellant,

v.

Duke C. Salisbury, Chapter 7 Trustee; Sherman Mazur; Michelle Mazur, Appellees.

No. 99–56848.
BAP No. CC–98–01771–BKMo.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2001.*

Decided April 30, 2001.

---

3. We apply California law to the issue. *Clamor,* 240 F.3d at 1217.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM **

Diane Breitman appeals the Bankruptcy Appellate Panel's order which affirmed the bankruptcy court's order. The latter granted the motion of the trustee of the bankruptcy estate to avoid a transfer of jewelry from Michelle Mazur to Breitman. *See* Cal. Civ.Code § 3439.05. We affirm.

Breitman maintains that the bankruptcy court erred when it found that the transfer to her by Michelle Mazur was fraudulent. We disagree. The facts show that the Mazurs had significant unpaid debt at the time of the transfer. Thus, Breitman bore the burden of persuading the trier of fact either that a reasonably equivalent exchange had occurred or that the Mazurs were solvent when the transfer took place. *Tri–Continental Leasing Corp. v. Zimmerman,* 485 F.Supp. 495, 499 (N.D.Cal. 1980); *In re Consol. Capital Equities Corp.,* 143 B.R. 80, 87 (Bankr.N.D.Tex. 1992); *Kirkland v. Risso,* 98 Cal.App.3d

971, 978, 159 Cal.Rptr. 798, 802 (1979); *Neumeyer v. Crown Funding Corp.,* 56 Cal.App.3d 178, 190, 128 Cal.Rptr. 366, 373 (1976). Breitman did not show that there was a material issue of fact over whether, from the perspective of the creditors, the value of the service that she provided was reasonably equivalent to the value of the jewelry that she received. *Maddox v. Robertson (In re Prejean),* 994 F.2d 706, 708 (9th Cir.1993); *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.),* 174 B.R. 557, 578 (Bankr.N.D.Cal.1994). Nor did the evidence which she presented suffice to create a material issue about the Mazurs' insolvency. In fact, she rested her case on Sherman Mazur's implausible assertion that he had great wealth at the time. She rested on far too weak a reed. *See Stitt v. Williams,* 919 F.2d 516, 523 (9th Cir.1990).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.