NEWMAN, Circuit Judge.
I respectfully dissent. Dr. Mohsen loaned over nine million dollars to the com *931 pany he had founded and operated, secured by the assets of the company. My colleagues hold that the purpose of making the secured loan was to defraud future creditors, based on two undisputed facts: that Dr. Mohsen expected an adverse attorney fee award in favor of Quickturn, and that his previous smaller loans to his company were unsecured. I cannot agree that the requirement of security for the larger loans establishes fraudulent intent.
The district court found that the facts established an intent by Aptix to prefer Dr. Mohsen as a creditor over Quickturn, and thus to “hinder or delay” the satisfaction of Quickturn’s future judgment in terms of California Code § 3439.04 (a transfer is fraudulent if made with “actual intent to hinder, delay, or defraud any creditor”). See Aptix Corp. v. Quickturn Design Sys., Inc., No. C 98-00762 (N.D.Cal. Sep. 8, 2000). However, California law also establishes that “a preference, is not for that reason a transfer made to ‘hinder, delay or defraud.’” Wyzard v. Goller, 23 Cal.App.4th 1183, 1191, 28 Cal.Rptr.2d 608 (1994). The Wyzard court explained that “it has been the rule for over 400 years, since the Statute of Elizabeth in 1571,” that a transfer which establishes a preference is not thereby fraudulent. Id. at 1190, 28 Cal.Rptr.2d 608 (citing 13 Eliz., ch. 5 (1571)); see United States Fid. & Guar. Co. v. Postel, 64 Cal.App.2d 567, 572, 149 P.2d 183 (1944) (“nor does the fact that such preference hinders or delays other creditors in the collection of their claims render it void, nor the fact that the preferred creditor had knowledge that such consequence would follow the preference”).
This rule is codified in California Code § 3432, which states that “A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another.” California precedent reaffirms that the preference itself does not establish wrongful fraudulent conduct. Wyzard, 23 Cal.App.4th at 1190, 28 Cal. Rptr.2d 608; see Annod Corp. v. Hamilton & Samuels, 100 Cal.App.4th 1286, 1299, 123 Cal.Rptr.2d 924 (2002) (observing that the fraudulent conveyance statute employs “the language of deliberate wrongful conduct” ) (emphasis in original).
Although the panel majority is correct that an intent to prefer one creditor over another does not preclude the existence of a wrongful intent, it is clear from the district court’s opinion that its inference was based solely on its belief that it was fraudulent for Aptix to prefer Dr. Mohsen by entering into a secured loan instead of an unsecured loan. The district court described as “not as innocent as Dr. Mohsen suggests” the “setup” whereby “Dr. Mohsen lends Aptix money, which Aptix uses to pay employee salaries and essential creditors in an effort to keep functioning.” Aptix, slip op. at 5.1 point out that there is a large space between absence of innocence, and deliberate fraud. Undoubtedly all concerned knew that a secured creditor has priority over unsecured creditors. That does not establish an intent to defraud the unsecured creditors. See Wyzard 23 Cal.App.4th at 1190, 28 Cal.Rptr.2d 608.
Precedent illustrates instances of fraudulent intent. In Kemp v. Lynch, 8 Cal.2d 457, 460-61, 65 P.2d 1316 (1937) an ostensibly lawful preference made with “the understanding that it shall be a mere simulated transfer” was fraudulent. See also Bank of Cal. v. Virtue & Scheck, Inc., 140 Cal.App.3d 1026, 1039, 190 Cal.Rptr. 54 (1983) (collecting cases) (“California courts have consistently treated a secret reservation in the grantor as potent evidence of fraud”). Unlike Kemp, here there was no simulated transfer, but regular monthly *932 loans to meet payroll and other operating obligations. The facts of this case are more analogous to those of Wyzard, in which a secured loan was taken in order to pay an existing debt when it became known that an adverse judgment was imminent; the court held that there was no fraud in a transfer made “with recognition that the transfer will effectively prevent another creditor from collecting on his debt.” Wyzard, 23 Cal.App.4th at 1189-90, 28 Cal.Rptr.2d 608 (concluding that the facts did not raise a triable issue of fact as to fraud, notwithstanding the existence of three factors of fraud); see also Annod Corp., 100 Cal.App.4th at 1299, 123 Cal.Rptr.2d 924 (no triable issue of fact, despite three factors of fraud).
Aptix granted Dr. Mohsen a security interest; the money was needed and used for legitimate business purposes. The panel majority states that this “does not explain why it was necessary for Aptix to grant Mohsen a security interest” when “Mohsen had never required such an interest for his past loans.” Maj. op. at -. It is surely not fraudulent to obtain security for a loan of over nine million dollars, whatever the relationship between the lender and the recipient. Knowledge of a potential adverse judgment does not establish fraudulent intent when making a loan to meanwhile keep the company alive and operating. See Wyzard, 23 Cal.App.4th at 1189, 28 Cal.Rptr.2d 608 (a transfer in anticipation of liability, “with recognition that the transfer will effectively prevent another creditor from collecting on his debt,” is not fraudulent).
The security interest here at issue was only to the amount of the loan. See § 3439.04(b) (requiring that debtor not receive a “reasonably equivalent value in exchange for the transfer or obligation” in order to establish “constructive fraud”). The fact that the security was limited to the value of the loan is also relevant under subdivision (a), the subdivision under which the court found fraud, as in § 3439.04(a)(8) (a “factor” in determining fraudulent intent is “[wjhether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred”). See Annod, 100 Cal. App.4th at 1298, 123 Cal.Rptr.2d 924 (in “considering the enumerated ‘badges of fraud’ the ‘court should evaluate all the relevant circumstances involving a challenged transfer’ and ‘may appropriately take into account all indicia negativing as well as those suggesting fraud’ ”) (quoting Legis. Com. com., 12A West’s Ann. Civ. Code foll. § 3439.04, p. 290 (1997)). These provisions of the California Code hinge the determination of fraud on whether the exchange was for equivalent value, a fact here undisputed.
My colleagues have thus lapsed into error, in holding that the making of a secured loan instead of an unsecured loan in anticipation of an adverse judgment establishes deliberate wrongful conduct. Waschek v. Dep’t of Motor Vehicles, 59 Cal.App.4th 640, 647, 69 Cal.Rptr.2d 296 (1997) (“inferences [of fraudulent intent] must be reasonably deducible from the evidence, and not such as are derived from speculation, conjecture, imagination, or guesswork”). The moneys obtained and the security interest granted for the loan were routine business practice. The secured nine million dollars here loaned provided essential funds to pay employees, vendors, and creditors. The facts of record do not establish fraud under California statute and precedent. I respectfully dissent from the panel majority’s contrary holding.